**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1062-15T2

IN RE APPLICATION FOR
PERMIT TO CARRY A HANDGUN
OF VINCENT A. CARRABBA.

_____

Submitted March 27, 2017 — Decided  April 6, 2017

Before Judges Nugent and Haas.

On appeal from the Superior Court of New
Jersey, Law Division, Union County.

Evan F. Nappen, attorney for appellant Vincent
A. Carrabba (Louis P. Nappen, on the brief).

Grace H. Park, Acting Union County Prosecutor,
attorney for respondent State of New Jersey
(Milton S. Leibowitz, Special Deputy Attorney
General/Acting Assistant Prosecutor, of
counsel and on the brief).

PER CURIAM

Appellant Vincent Carrabba appeals from the Law Division's
July 16, 2015 order denying his application for a renewal permit
to carry a firearm.  We affirm.

According to the application, appellant was the owner of a
private security firm and a licensed private detective.  In the

application, appellant asserted that as the owner of the firm, he supervised armed and unarmed security guards at various New Jersey businesses, and filled in for them when they were absent from work. The Superintendent of the State Police approved appellant's application and it was then submitted to the court for review pursuant to N.J.S.A. 2C:58-4(d).

On July 16, 2015, Judge Stuart Peim entered an order denying appellant's application. In a supporting written statement of reasons, Judge Peim, relying on N.J.S.A. 2C:58-4(d) and the Supreme Court's decisions in In re Preis, 118 N.J. 564 (1990) and Siccardi v. State, 59 N.J. 545 (1971), explained that appellant's application did not establish any "justifiable need" for him to carry a handgun. Judge Peim stated:

> In the instant case, [appellant] has not shown specific threats against his person. [Appellant] does not state that he is subject to a substantial threat of serious bodily harm or that carrying a handgun is necessary to reduce the threat of unjustifiable serious bodily harm. The bare statements in [appellant's] letter of need do not provide information necessary to meet the required criteria set forth in our case law. The stringent requirements of our law have not been satisfied and as such this application is [denied].

On October 5, 2015, Judge Peim denied appellant's motion for reconsideration. This appeal followed.

On appeal, appellant raises the following contentions:

POINT 1

THE STATUTE AS APPLIED TO [APPELLANT] VIOLATES SEPARATION OF POWERS.  (NOT RAISED BELOW).

POINT 2

THE COURT BELOW ERRED BY DENYING [APPELLANT] DUE PROCESS NOTICE AND OPPORTUNITY TO BE HEARD.  (NOT RAISED BELOW).

POINT 3

THE COURT BELOW ERRED BY APPLYING A WRONG STANDARD OF LAW, AND [APPELLANT'S] MOTION FOR RECONSIDERATION SHOULD HAVE BEEN GRANTED.

POINT 4

THE COURT BELOW ERRED BY FAILING TO HEAR FROM THE SUPERINTENDENT OF STATE POLICE REGARDING HIS REASONS FOR APPROVING THE APPLICATION. (NOT RAISED BELOW).

POINT 5

THE COURT BELOW SHOULD BE REVERSED AND THE RENEWAL APPLICATION GRANTED BECAUSE [APPELLANT] MEETS THE STANDARD UNDER THE LAW.

We have considered these arguments in light of our review of the record and the applicable principles of law.  We affirm substantially for the reasons set forth by Judge Peim in his written opinion and conclude that appellant's arguments lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).  We add the following brief comments.

N.J.A.C. 13:54-2.4(d)(2) requires "employees of private detective agencies, armored car companies and private security

companies" to establish the following to demonstrate a "justifiable need" for a permit to carry a handgun:

> i. [That] [i]n the course of performing statutorily authorized duties, the applicant is subject to a substantial threat of serious bodily harm; and
>
> ii. That carrying a handgun by the applicant is necessary to reduce the threat of unjustifiable serious bodily harm to any person.

Here, appellant's letter did not address either of these requirements. Instead, he merely stated that he was a private detective who supervised armed and unarmed guards, and that he sometimes substituted for these employees if they were not available. Under these circumstances, Judge Peim correctly found that appellant failed to demonstrate a "justifiable need to carry a handgun" under N.J.A.C. 13:54-2.4(d).

Finally, we shall not address appellant's various challenges to the constitutionality of the permit-to-carry statute, including his claim that a hearing was required before the judge made a decision on his application. Appellant did not raise these arguments before the trial court and, therefore, we decline to consider them for the first time on appeal. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

4

A-1062-15T2