**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3211-15T4

WELLS FARGO BANK, N.A.,

      Plaintiff-Respondent,

v.

HENRY R. CHU, MRS. HENRY R.
CHU, his wife, MARY Q. CHU,
MR. CHU, husband of MARY
Q. CHU, UNITED STATES OF
AMERICA,

      Defendants-Appellants.

_____

      Submitted July 13, 2017 — Decided July 24, 2017

      Before Judges Yannotti and Haas.

      On appeal from Superior Court of New Jersey,
      Chancery Division, Middlesex County, Docket
      No. F-033346-14.

      Montell Figgins, attorney for appellants.

      Reed Smith, LLP, attorneys for respondent
      (Henry F. Reichner, of counsel and on the
      brief).

PER CURIAM

In this mortgage foreclosure matter, defendant Henry Chu appeals from a final judgment of foreclosure entered on February 11, 2016. We affirm.

We derive the following procedural history and facts from the record. Defendant formerly held title to a residence in Sayreville. On June 6, 2003, defendant and his now-deceased wife executed a note to plaintiff Wells Fargo Bank, N.A. in the amount of $90,000. To secure payment, defendant executed a mortgage encumbering the residence in favor of plaintiff. The mortgage was recorded with the Middlesex County Clerk's Office on August 1, 2003.

On June 14, 2013, defendant defaulted on the loan. On August 12, 2014, plaintiff filed its foreclosure complaint. Defendant filed an answer on September 19, 2014.

However, on August 26, 2015, the parties agreed to the entry of a consent order. Under the terms of this order, which was filed by the trial court on September 3, 2015, defendant withdrew his answer, together with "any and all counterclaims[.]" In return, plaintiff agreed that it would not seek a final judgment of foreclosure until December 26, 2015. The parties also agreed that the matter would be "returned to the Office of Foreclosure to proceed as an uncontested matter."

On January 4, 2016, plaintiff gave defendant notice of its motion for the entry of a final judgment of foreclosure, and it filed this motion on January 21, 2016. On February 11, 2016, the Chancery Division entered final judgment by default in accordance with the terms of the parties' consent order. This appeal followed.

On appeal, defendant contends for the first time that plaintiff lacked standing to foreclose on the mortgage and that plaintiff "violat[ed] . . . the covenant of good faith and fair dealing" in its dealings with him. We have considered defendant's contentions in light of the record and applicable legal principles and conclude that they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We add the following brief comments.

Here, default was entered against defendant by agreement of the parties pursuant to the September 3, 2015 consent order. It is well established that orders consented to by the parties are not appealable. New Jersey Schools Constr. Corp. v. Lopez, 412 N.J. Super. 298, 308 (App. Div. 2010) (citing Winberry v. Salisbury, 5 N.J. 240, 255, cert. denied, 340 U.S. 877, 71 S. Ct. 123, 95 L. Ed. 638 (1950)). Because defendant consented to having his answer deemed uncontested, with all of his affirmative defenses

and counterclaims voluntarily dismissed with prejudice, defendant is barred from challenging the final judgment of foreclosure.

Just as importantly, defendant did not raise either of his current arguments in the Chancery Division. We will ordinarily decline consideration of issues not properly raised before the trial court, unless the jurisdiction of the court is implicated or the matter concerns an issue of great public importance. Zaman v. Felton, 219 N.J. 199, 226-27 (2014) (citing Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)). Neither situation exists here and, because defendant did not contest plaintiff's standing to foreclose or its compliance with the covenant of good faith and fair dealing before the trial court, the record is plainly insufficient to permit appellate review. Therefore, we decline to consider these contentions for the first time on appeal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3211-15T4