**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3456-15T2

NINO CALABRESE,

    Plaintiff-Appellant,

v.

DIANE PANTALENA,

    Defendant-Respondent.

_____

Submitted September 13, 2017 — Decided September 28, 2017

Before Judges Koblitz and Manahan.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Atlantic County, Docket No. FM-01-0215-10.

Nino Calabrese, appellant pro se.

Respondent has not filed a brief.

PER CURIAM

Plaintiff Nino Calabrese appeals from a March 29, 2016 post-judgment matrimonial order releasing the parties' children's custodial accounts to pay for the children's college expenses and directing enforcement of child support. Plaintiff argues in eleven points on appeal that N.J.S.A. 2A:34-23(a)(5), which requires the

court when awarding child support to consider the "(n)eed and capacity of the child for education, including higher education," is unconstitutional. Plaintiff argues that the State infringes on his rights by forcing him to financially support his children's college decision even though if he were still married to their mother he would have the freedom to refuse to pay any college expenses. We decline to consider the constitutionality of that provision of the statute because defendant withdrew her application for plaintiff to contribute from his own funds to the children's college costs. Therefore, the issue of the constitutionality of that section of the statute is not before us.

The parties were married in 1998 and had four daughters before divorcing in 2009. After a lengthy trial, the court set aside the marital settlement agreement calling for no child support and awarded $110 weekly child support in January 2012. Each of the four children had approximately $18,000 in an individual account. The two oldest children have removed the funds from their custodial accounts. Defendant sought in her post-judgment motion to allow the two younger children, one a senior in high school and the other a junior in college, to withdraw their money to assist in paying for college, which they would otherwise fund through loans.

Although at oral argument on the motion, defendant withdrew her application for plaintiff to contribute to college costs,

2 A-3456-15T2

plaintiff argues that the fact he must continue to pay child support because his children are not emancipated due to their college attendance is unconstitutional. Plaintiff did not seek to emancipate any of his children pursuant to N.J.S.A. 9:17B-3, which was subsequently substantively altered by N.J.S.A. 2A:17-56.67, effective February 1, 2017. Thus, the issue of emancipation was not before the trial court and is not now before us on appeal. Nieder v. Royal Indemn. Ins. Co., 62 N.J. 229, 234 (1973); Monek v. Borough of S. River, 354 N.J. Super. 442, 456 (App. Div. 2002).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION