**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2206-15T1

IN THE MATTER OF
SPILL FUND LIENS
ALEXANDER CLEANERS
DJ 330193-11
DJ 330187-11 (First Priority Lien)
137 Broadway
Block 1102 Lot 4
Hillsdale Borough
Bergen County
Program Interest No. 015123.

_____

Submitted May 16, 2017 — Decided October 3, 2017

Before Judges Ostrer and Vernoia.

On appeal from the Spill Compensation Fund,
Department of Environmental Protection.

Kaufman Semeraro & Leibman, LLP, attorneys for
appellants Alexander Cleaners, Hee Kul Eun and
Ryou Eun (Marc E. Leibman and Justin D.
Santagata, on the briefs).

Christopher S. Porrino, Attorney General,
attorney for respondent New Jersey Department
of Environmental Protection (Melissa H. Raksa,
Assistant Attorney General, of counsel;
Matthew D. Orsini, Deputy Attorney General,
on the briefs).

The opinion of the court was delivered by

OSTRER, J.A.D.

Appellants Hee Kul Eun and Ryou Eun challenge the Department of Environmental Protection's filing of a lien against them and their property to recoup almost one million dollars the Department spent to clean up environmental contamination. The Euns contend, for the first time on appeal, they were entitled to an administrative hearing before the Department or the Office of Administrative Law. In their reply brief, they also assert the Department should have adopted by formal rule-making its administrative guidance governing lien contests. We reject these arguments and affirm.

The Euns knew the property they purchased in March 1996 was contaminated. They conceded that, as part of their purchase, a preliminary site investigation detailed the contamination. After the purchase, Mr. Eun entered into a Memorandum of Agreement with the Department, and agreed to submit a remedial action work plan. After he failed to do so, the Department terminated the MOA and eventually undertook the clean-up with public funds. In 2011, the Department filed its first lien seeking reimbursement of the $508,121.35 the Department incurred since 1996. As the cleanup continued, the Department filed an amended petition increasing the lien to $856,547.78 to include expenses through 2014.

The Department informed the Euns by letter of the amended lien, and invited them to "notify the Department in writing and

include specific reasons [they] believe[d] the Department did not have a reasonable basis to file the lien." The Department advised the Euns it would assign "[a]n agency official . . . to review [their] case and to render a decision as to whether the Department had a reasonable basis to file the lien in question." The notice also informed the Euns they could get copies of the Department's lien-related records through a request under the Open Public Records Act, N.J.S.A. 47:1A-1 to -13.

The Euns contested the lien to the extent it named them personally, and alleged a limited liability company owned the property. Their attorney stated in a letter to the Department:

> Mr. and Mrs. Eun object to the filing of this amended lien and any liens which name them individually.
>
> The subject property has been held by a limited liability company. There is no personal liability here. Accordingly, Mr. and Mrs. Eun demand that the liens be amended to remove any reference to them personally.

The attorney did not identify the LLC, nor attach documentary support for the assertion that it owned the property.

The Department referred the matter to a Neutral Agency Officer — according to the Department's Spill Act Administrative Guidance, "a State employee, who has no prior involvement in the decision making concerning the initial filing of a Spill Act lien, and who has no prior involvement with the affected site and property

owner."  After reviewing the case, the officer recommended retaining the lien.  The officer noted that contamination on the property violated state law; the Department spent $856,547.78 in public funds to assess and remove the contamination; and the Euns — not an LLC — owned the property.  The Spill Compensation Fund's assistant director approved the officer's conclusions in a January 11, 2016 final agency action.  The assistant director noted his decision was "not a binding determination of liability" nor did it have "preclusive effect" on a "subsequent cost recovery or enforcement proceedings."

The Euns then appealed.  Without directly contesting the Department's expenditures or its right to a lien, they challenge the process they were afforded.  They argue they were entitled to a hearing before OAL or the Department, although they did not seek an OAL hearing before their appeal.  In a reply brief, they add that the Department was required to adopt its administrative guidance as a formal regulation, pursuant to the Administrative Procedure Act and case law.

Absent a compelling public interest or a jurisdictional question, we rarely will address matters raised for the first time on appeal.  Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973).  Also, "[i]t is improper to introduce new issues in a reply brief."  In re Bell Atlantic-New Jersey, Inc., 342 N.J.

Super. 439, 442 (App. Div. 2001). As appellants' arguments violate these principles, we decline to consider them here and affirm the Department's decision. See Sell v. N.J. Transit Corp., 298 N.J. Super. 640, 649-50 (App. Div. 1997) (declining to consider argument that agency hearing should have been a contested case under the APA, as the petitioner raised the issue for the first time on appeal, and "did not seek to have his case referred to the Office of Administrative Law for a hearing").

We add only that the Euns' claim to a contested case hearing is undermined by their failure to raise a material issue of fact. "The right to a full trial-type hearing . . . is generally limited to the situation where adjudicatory facts . . . are in issue." High Horizons Dev. Co. v. State, 120 N.J. 40, 49 (1990) (internal quotation marks and citation omitted). "[I]t is the presence of disputed adjudicative facts, not the vital interests at stake, that requires the protection of formal trial procedure." Id. at 53; see also In re NJPDES Permit No. NJ00025241, 185 N.J. 474, 486 (2006); In re Solid Waste Util. Customer Lists, 106 N.J. 508, 517 (1987).

The Euns attempted to raise only one factual issue to the Department, contending that an LLC, not they, owned the property. Yet, they did not name the company, nor submit proof of its alleged ownership. On appeal, the Euns merely document the LLC's name and

its formation after the Euns' 1996 purchase.[1]  Furthermore, they concede in their brief "it is not clear whether the property was ever transferred" to the LLC.

By contrast, Mr. Eun acknowledged his ownership in the Memorandum of Agreement he signed.  The Department points to a Monmouth County tax record that clearly lists the Euns as the purchasers in 1996, and owners as of 2014.  Thus, the Euns' bare assertion of non-ownership is contradicted by the record, and falls short of creating a factual dispute that would entitle them to a hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] They did so by inappropriately expanding the record.  See R. 2:5-5.

A-2206-15T1