# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3932-15T2

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

     Plaintiff-Respondent,

v.

S.H.,

     Defendant-Appellant,

and

K.C. and O.C.,

     Defendants.

_____

IN THE MATTER OF L.C., J.H.,
G.H., and D.C.,

     Minors.

_____

Argued January 7, 2019 – Decided April 1, 2019

Before Judges Messano, Fasciale and Gooden Brown.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FN-02-0178-15.

Mary K. Potter, Designated Counsel, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Mary K. Potter, on the brief).

Peter D. Alvino, Senior Deputy Attorney General, argued the cause for respondent (Grewal S. Gurbir, Attorney General, attorney; Andrea M. Silkowitz, Assistant Attorney General, of counsel; Peter D. Alvino, on the brief).

Lisa M. Black, Designated Counsel, argued the cause for minors (Joseph E. Krakora, Public Defender, Law Guardian, attorney; Lisa M. Black, on the brief).

PER CURIAM

In 2014, the Division of Child Protection and Permanency (the Division) filed a complaint and order to show cause against defendant S.H., seeking care and supervision of defendant's stepdaughter, L.C. (Lisa), age nine, and defendant's other two children, ages five and three.[1] The precipitating event was a referral from Lisa's school reporting deep scratch marks on the child's face, and the child telling the Division that defendant had slapped and scratched her.

---

[1] We use initials and pseudonyms pursuant to Rule 1:38-3(d)(12). The complaint also named as defendants O.C., the father of all three children, and K.C., Lisa's mother.

The Family Part judge entered an order awarding the Division care and supervision of the children.

Two months later, on a date scheduled for the fact-finding hearing, see N.J.S.A. 9:6-8.44, the Division moved to dismiss the Title Nine allegations and proceed solely as a family-in-need-of-services litigation pursuant to Title Thirty. Defendant objected, arguing that she wished to test the Division's allegations of abuse and neglect.[2] The judge granted the Division's motion, ruling, "[t]he Division is entitled to enter its finding of established on its record and is not obligated to go forward with a fact[-]finding hearing." The judge dismissed the Title Nine allegations without prejudice. Defendant then stipulated that her family was in need of services pursuant to Title Thirty.

The litigation continued for several months. Ultimately, the parties consented to an order that permitted defendant to reunite with her family in the family home and supervise her three biological children.[3] O.C., or a Division-

---

[2] The transcript of the proceedings reflects a similar argument was made in another case earlier in the day with the same counsel involved. The judge referenced her earlier ruling but failed to provide any specific detailed reasoning in this case.

[3] During the litigation, defendant and O.C. had another child, D.C.

3

approved supervisor, would supervise defendant's contact with Lisa. The litigation terminated shortly thereafter, and defendant filed this timely appeal.

Once again, at issue are the 2013 amendments to the Division's regulations, which established a "four-tier framework" categorizing "outcomes the Division may reach after investigating an abuse or neglect allegation." N.J. Dep't of Children & Families v. R.R., 454 N.J. Super. 37, 40 (App. Div. 2018) (citing N.J.A.C. 3A:10-7.3(c)(1)-(4); Dep't of Children & Families v. D.B., 443 N.J. Super. 431, 441 (App. Div. 2015)).[4] Prior to the amendments, the Division's investigation of child abuse or neglect resulted in one of two findings — "substantiated" and "unfounded."[5] 44 N.J.R. 357(a) (Feb. 21, 2012). The amendments added two intermediary findings of "established" and "not established." Ibid.

---

[4] We note that in less than six years since their final adoption, these regulations have sparked numerous appeals, resulting in three published opinions from this court, more than a dozen unpublished decisions, and a recent grant of certification by the Supreme Court, S.C. v. New Jersey Department of Children & Families, No. A-4792-15 (App. Div. Aug. 31, 2018), certif. granted, ___ N.J. ___ (2019).

[5] In 1995, the Division established three categories of investigative findings: "substantiated," "not substantiated," and "unfounded." 27 N.J.R. 3609(a) (Sept. 18, 1995). Later in 2005, the Division amended the regulation by removing the "not substantiated" category. 37 N.J.R. 2132(a) (June 20, 2005).

According to the Division, redefining the categories of investigative findings "would allow child protective investigators more latitude to accurately reflect the nature of their conclusions regarding allegations of abuse or neglect." Ibid. Under the amendments,

> [a]n allegation shall be "substantiated" if the preponderance of the evidence indicates that a child is an "abused or neglected child" . . . and . . . substantiation is warranted . . . .
>
> An allegation shall be "established" if the preponderance of the evidence indicates that a child is an "abused or neglected child" . . . but the act or acts committed or omitted do not warrant a finding of "substantiated" . . . .
>
> [N.J.A.C. 3A:10-7.3(c)(1) and (2).]

Additionally, N.J.A.C. 3A:5-4.3(a)(2), provides the right to an administrative hearing only for "substantiated" findings of child abuse or neglect. In D.B., we held that the lack of any ability to challenge a "not established" finding did not violate due process. 443 N.J. Super. at 442-44. Less than two years later, however, we held that "an administrative hearing is required to contest the Division's conclusion abuse or neglect is established." N.J. Div. of Child Prot. & Permanency v. V.E., 448 N.J. Super. 374, 400 (App. Div. 2017). We rejected the defendant's argument that she had the right to adjudicate the finding before the Family Part within the Title Nine litigation. Id.

5

at 402-04. We remanded the matter for an administrative hearing before the Office of Administrative Law (OAL). Id. at 404.

Against this backdrop, defendant contends due process entitles her "to a trial-type hearing to challenge" the Division's established finding. The order terminating the litigation in this case, as well as defendant's brief, were filed before we issued our decision in V.E. In light of our holding in that case, the Division concedes defendant is entitled to an administrative hearing in the OAL and does not contest a remand for that purpose. In the interests of justice, we deem defendant's notice of appeal amended to include the Division's established finding. We summarily remand the matter to the Division with direction to transmit the matter to the OAL within four weeks of this decision, so that defendant may contest the "established" finding at an administrative hearing.

Defendant's second point on appeal is that because the regulations denied her an automatic right to contest the established finding, it was error to dismiss the Title Nine complaint, particularly since "there was a joinder of issues." As noted, we rejected a similar argument in V.E., 448 N.J. Super. at 403-04. In light of our order remanding the matter to the OAL, we see no reason to reach a different conclusion in this case.

Lastly, defendant poses a direct challenge to the regulations, arguing their adoption was "ultra vires" because they are "contrary to [Title Nine's] purpose . . . ."[6] Defendant argues we should "invalidate [the] rules and permit [her] to challenge [the] finding against her in an administrative hearing."

Concededly, defendant never presented such a challenge to the Family Part judge. We usually decline to address an argument not presented to the trial court. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (noting appellate courts generally decline to consider issues not properly raised to the trial court "unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest").

We acknowledge that whether these regulations as adopted exceed the Legislature's grant of authority to the Division is a question of great public interest. Defendant argues, for example, that the regulations have their genesis in the enactment of N.J.S.A. 9:6-8.40a, requiring the Division to "expunge from its records all information relating to . . . an incident of child abuse or neglect" when the allegation was unfounded. L. 1997, c. 62, § 1. The Legislature authorized the Division to promulgate regulations to "further define[]" the

---

[6] We reject out of hand the Division's position, espoused at oral argument, that defendant's brief does not pose a direct challenge to the regulations. Notably, the Division did not address the issue at all in its brief.

"process of making a determination of an unfounded" finding.  Ibid.  In 2004, the Legislature amended the statute to omit the prior definition of "unfounded," instead allowing the Division to define the term through regulations.  L. 2004, c. 130, § 32.

Essentially, defendant contends the Division exceeded the Legislative grant of authority by creating a four-tier framework, denying administrative review to all but one category of findings and exempting three of the categories, including the "not established finding," from the expungement mandate contained in N.J.S.A. 9:6-8.40a.  See N.J.A.C. 3A:10-8.1 (limiting expunction to only "unfounded" findings); see also R.R., 454 N.J. Super. at 39 (noting a "not established" finding "still permanently tars a parent with a finding that there was something to the allegation").

However, we have granted defendant the relief she seeks, i.e., the ability to challenge the Division's established finding.  If successful, she will be entitled to expungement.  If she is not successful, there is no principled reason why the finding should be expunged.  See N.J.A.C. 3A:10-7.3(c)(2) (defining an "established" finding as one in which "the preponderance of the evidence indicates . . . a child is an 'abused or neglected child' as defined in N.J.S.A. 9:6-

8.21 . . . ."). As a result, we choose not to address the direct challenge defendant makes to the regulations as being ultra vires.

We affirm the orders dismissing the Title Nine complaint and terminating the Title Thirty litigation. We remand to the Division to provide defendant with an administrative hearing within four weeks of this decision.

Affirmed in part; remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3932-15T2