**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5829-17T4

GERI BENEDETTO,

     Plaintiff-Respondent,

v.

ANTHONY J. TOSTI,

     Defendant-Appellant.

_____

        Submitted October 3, 2019 – Decided October 21, 2019

        Before Judges Whipple and Mawla.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Burlington County, Docket No. FM-03-0432-12.

        Anthony J. Tosti, appellant pro se.

        Geri Benedetto, respondent pro se.

PER CURIAM

Defendant Anthony Tosti appeals from a July 5, 2018 final judgment of divorce and a November 2, 2018 order denying his motion for relief from the judgment. We affirm.

Defendant married plaintiff Geri Benedetto in 1989, and they had one child, who is now an adult. The parties signed a matrimonial settlement agreement (MSA) in August 2011, and pursuant to its terms, the court granted a limited judgment of divorce from bed and board on November 29, 2011. The portions of the MSA relevant to this appeal are as follows:

> 1. <u>Mutual Waiver of Support-</u> For the mutual promises and covenants contained herein, [plaintiff] and [defendant] hereby waive all past, present, and future rights that he and she might otherwise have to require the other to provide alimony for his/her support and maintenance. . . . [I]t is the intention of this agreement that [plaintiff] and [defendant] shall not now or hereafter seek periodic, rehabilitative, reimbursement and/or limited duration alimony from the other. By entering into this waiver of alimony, each party has considered any and all foreseeable events, and has also considered that there may be unforeseeable events occurring to either party. Each party has specifically considered increases or decreases in the cost of living, increases or decreases in their income and Social Security, the possible loss of or inability to secure employment, prospective changes of employment, disability or infirmity, the subsequent acquisition or loss of assets, the dissipation, whether negligently, purposefully, accidentally, or by any other circumstances, of the assets received as and for equitable distribution in this matter, or any other event which does change the quality of economic life. Each party specifically agrees

that the court shall have no jurisdiction or power to modify this provision. Notwithstanding any language contained in Lepis v. Lepis, 83 N.J. 139 (1980) and Crews v. Crews, 164 N.J. 11 (2000) and/or any other case or statutory law, the alimony waiver shall be non-modifiable and this provision is irrevocable.

2.	[Plaintiff's] Financial Assistance to [Defendant]- Notwithstanding the mutual wavier of alimony and/or spousal support from one to the other, [plaintiff] shall continue to assist [defendant] financially in a limited manner. In lieu of alimony and/or spousal support, [plaintiff] agrees to assist [defendant] as follows:

>	(a) [Plaintiff] will cover [defendant] on her medical insurance coverage as provided through her employment. In order to keep [defendant] on her medical insurance coverage, it is agreed that [plaintiff] will process a limited divorce from bed and board.

>	. . . .

>	. . . Real Estate

>	. . . .

b.	348 Mountain Road, Thurman, New York- This property was used as a vacation property by the parties and is titled to [defendant]. . . . The parties shall share the expenses of maintaining said property equally. Further, the parties shall have a deed prepared from [defendant] to [defendant] and [plaintiff] as joint tenants with right of survivorship. In the event that one party or the other advances any expenses to maintain this property, that party shall receive credit for one half of those expenses from the sale proceeds. . . .

. . . .

## INDEPENDENT LEGAL ADVICE

It is mutually agreed by and between [defendant] and [plaintiff] that this Agreement is made voluntarily by both parties. The parties further recognize that the terms of this Agreement are fair, reasonable and equitable and that neither party was coerced or forced to enter into the terms of this Agreement. The parties were each aware of the income, assets and liabilities of the other and this disclosure was sufficient to allow each party to make a reasoned and informed decision with regard to the terms of this [MSA]. Thus, both parties are satisfied with the equitable distribution and the support provisions as set forth herein without additional discovery, production of documents, real estate or pension valuation or other financial disclosure. Further, the parties find the terms of this [MSA] to be fair, reasonable and equitable. The parties recognize that [plaintiff] has been represented by Alan Domers, Esquire, of the law firm of Domers & Bonamassa, A Professional Corporation, while [defendant] has waived his right to seek counsel and to have any attorney review this [MSA].

. . . .

1. Voluntary Execution. [Defendant] and [plaintiff] acknowledge that:

. . . .

(b) They have read this Agreement in its entirety.

A-5829-17T4

(c) They understand both the legal and practical effect of this Agreement in each and every respect.

. . . .

(e) They have made a full and complete disclosure of all assets, income and liabilities to each other.

(f) Each has been fully informed as to his or her legal rights and obligations.

(g) This Agreement is fair and adequate, being entered into voluntarily and is not the result of any duress or undue influence exercised by either party upon the other or by any other person or persons upon him or her. Each party, therefore, accepts these provisions in full and final settlement and satisfaction of all claims and demands one may have against the other and fully discharges the other from all such claims and demands except as provided in this Agreement.

2. No Bar to Divorce; No merger: Nothing in this Agreement shall be construed as a relinquishment by either party of the right to prosecute or defend any suit for divorce in any court of proper jurisdiction. It is further specifically understood and agreed that the provisions of this Agreement relating to the equitable distribution of property of the parties as herein contained are accepted by each party as final settlement for all purposes whatsoever. . . .

. . . .

A-5829-17T4

19. <u>Warranty of Disclosure.</u> . . . [B]oth parties are satisfied that they have sufficient independent knowledge of each other's income, assets and liabilities so as to make an informed decision in this regard.

The par[t]ies warrant and represent that they have made a full disclosure of all income, assets and liabilities and have provided their best estimate of the fair market value of the various assets within this Agreement where said asset valuation and equity figures are deemed relevant and essential to the execution of this Agreement. . . .

Following the divorce from bed and board, plaintiff continued insuring defendant on her state health insurance plan at her expense, as required by the MSA. In December 2014, plaintiff filed a motion to enforce the MSA, including converting the divorce from bed and board to an absolute divorce. Defendant filed a cross-motion seeking various relief. The motion judge issued a tentative decision, however, the parties entered into a consent order dated January 15, 2015, resolving the motion. In pertinent part, plaintiff agreed to withdraw without prejudice her request for an absolute divorce and agreed to continue to provide defendant with health insurance through her employment. Defendant agreed to comply with the MSA relating to the issues raised in plaintiff's enforcement motion. The consent order also stated:

The alimony waiver provisions of the [MSA] shall continue as set forth in the Agreement. . . . In the event . . . [p]laintiff seeks to convert the limited divorce from

6 <span style="float:right">A-5829-17T4</span>

bed and board to an absolute divorce, the issue over the cost of medical coverage is without prejudice to either party's rights in a future determination regarding the cost of that coverage.

In 2018, plaintiff informed defendant she intended to retire and of the concomitant inability to maintain him on her health insurance coverage. In response, defendant filed a motion to enforce litigant's rights and sought modification of equitable distribution and alimony. Plaintiff filed a cross-motion seeking an absolute divorce.

The motion judge entered an order on May 4, 2018, essentially denying defendant's motion related to a modification of alimony and equitable distribution. As to the enforcement component of defendant's motion, namely, funds he claimed were due for maintenance of the parties' New York property, the judge determined defendant had "not provided sufficient proofs to make a determination" and the issue would abide discovery and a settlement conference scheduled by the court at a future date. As to the relief sought in plaintiff's motion, the judge ordered the parties to conduct brief discovery regarding the impact of an absolute divorce on defendant's health care coverage. The judge ordered the parties to attempt to reach a settlement on the issue, and failing that, scheduled a settlement conference.

A-5829-17T4

A settlement conference occurred in June 2018. Defendant attempted to address claims the judge already denied relating to the modification of alimony and equitable distribution. The judge found defendant's lack of financial resources were irrelevant to his request to modify equitable distribution because equitable distribution was not subject to a change in circumstances. The judge also upheld the alimony waiver provision, noting the MSA stated the waiver would stand regardless of a change in financial circumstances. The judge found no basis to revisit the alimony waiver on account of defendant's claim of poor health because defendant's certification stated those claims pre-dated entry of the MSA. Additionally, the judge concluded neither party owed the other a reimbursement relating to the once-marital real estate they continued to own post-judgment.

The judge signed the July 5, 2018 order, granting plaintiff's request for an absolute divorce. The order gave defendant thirty days from the final judgment of divorce to obtain his own medical coverage and thereafter relieved plaintiff of responsibility for defendant's medical coverage.[1]

Defendant appealed from the July order. While the appeal was pending, he filed a motion seeking the same relief as in his May 2018 motion. Plaintiff

---

[1] The order addressed other issues irrelevant to this appeal.

A-5829-17T4

filed a cross-motion for enforcement because defendant failed to comply with aspects of the July order. The motion judge entered the November 2, 2018 order, denying defendant's requests without prejudice because the court lacked jurisdiction due to the pending appeal, and granted plaintiff's requests for enforcement. We granted defendant's motion to amend his notice of appeal to include the November order.

I.

"'[W]e generally defer to the factual findings of the trial court because it has the opportunity to make first-hand credibility judgments about the witnesses who appear on the stand; it has a "feel of the case" that can never be realized by a review of the cold record.'" N.J. Div. of Youth & Family Servs. v. R.D., 207 N.J. 88, 112 (2011) (quoting N.J. Div. of Youth & Family Servs. v. G.M., 198 N.J. 382, 396 (2009)). "Because of the Family Part's special jurisdiction and expertise in family matters, we accord particular deference to a Family Part judge's fact-finding." N.J. Div. of Youth & Family Servs. v. T.M., 399 N.J. Super. 453, 463 (App. Div. 2008) (citing Cesare v. Cesare, 154 N.J. 394, 413 (1998)). "That deference is especially appropriate 'when the evidence is largely testimonial and involves questions of credibility.'" MacKinnon v. MacKinnon, 191 N.J. 240, 254 (2007) (quoting Cesare, 154 N.J. at 412).

We must examine "whether there was sufficient credible evidence to support the trial court's findings." N.J. Div. of Youth & Family Servs. v. M.C. III, 201 N.J. 328, 342 (2010). "We will not overturn a family court's factfindings unless they are so 'wide of the mark' that our intervention is necessary to correct an injustice." N.J. Div. of Youth & Family Servs. v. F.M., 211 N.J. 420, 448 (2012) (quoting N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 104 (2008)).

On appeal, defendant raises the following arguments:

POINT 1

THE TRIAL COURT ERRED NOT DEALING WITH DEFENDANT'S SUBSTANTIAL MATERIAL CHANGE OF CIRCUMSTANCES[,] IGNORING PLAINTIFF'S CIS [CASE INFORMATION STATEMENT] . . . AGE, FINANCES, HEALTH, ECONOMY, RESOURCES, AND MARITAL ASSETS PURSUANT TO NEW JERSEY COURT RULE[S] . . . 4:17, . . . 5:5-1, [AND] 5:5-2[.]

POINT 2

[THIS] COURT [SHOULD] REVIEW [THE] VALIDITY OF MSA CONTRACT TO DIVORCE JUDGEMENT [SIC] [.]

POINT 3

THIS COURT SHOULD TAKE A FRESH LOOK AT THE ENTIRE[TY OF THE] . . . TRIAL COURT'S DISMISSAL [OF THE] RELIEF [SOUGHT IN]

DEFENDANT'S MANY PLEADINGS INCLUDING REQUESTS FOR FAIR AND EQUITABLE DISTRIBUTION OF MARITAL ASSETS AND ALL FINAL DECISIONS BY THE TRIAL COURT.

We considered defendant's arguments and affirm substantially for the reasons expressed by the motion judge. We add the following comments. Defendant was not entitled to alimony because the parties' alimony waiver expressly disclaimed any ability to revisit the waiver, including on the grounds defendant argued on appeal, namely, his health, decrease in social security receipts, and overall financial circumstances. Contrary to defendant's argument, plaintiff was not required to file a CIS when defendant failed to demonstrate a change in circumstances to overcome the alimony waiver. Lepis, 83 N.J. at 157. Moreover, the health-related evidence contained in defendant's appendix was not presented to the trial judge. Therefore, we cannot consider it either. "[A]ppellate courts will not ordinarily consider evidentiary material which is not in the record below[.]" Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 2:5-4(a) (2019).

We decline defendant's invitation to review the fairness of the MSA as a whole on grounds it was one-sided, the product of duress and fraud, and because defendant entered into it without counsel. These arguments are raised for the first time on appeal and we cannot consider them. See Nieder v. Royal Indem.

11

Ins. Co., 62 N.J. 229, 234-35 (1973) (discussing the limited circumstances in which an appellate court will consider an argument first raised on appeal). Furthermore, defendant expressly acknowledged the waiver of counsel in the MSA. Therefore, it is not a basis to undo the agreement.

Finally, defendant argues plaintiff's breach of the MSA requires the agreement's invalidation, rescission, or reformation. Specifically, he alleges plaintiff breached the MSA through (1) her refusal to cover defendant on her health insurance plan; (2) her alienation of the parties' child[2]; (3) her failure to fairly cooperate to resolve the parties' dispute outside of court; (4) her failure to pay half of the rental contract income in the parties' Marlton home; and (5) her failure to pay half of the expenses on the parties' New York property.

Plaintiff neither breached the MSA, nor refused to provide defendant with health insurance coverage. Rather, as contemplated in the MSA and the 2015 consent order, defendant's coverage was eliminated when plaintiff exercised her right to an absolute divorce.

Defendant did not prove plaintiff failed to cooperate to resolve issues without court intervention. During the settlement conference, the motion judge

---

[2] We do not address this argument because it too was not raised before the trial judge.

A-5829-17T4

noted plaintiff provided defendant with information to enable him to secure his own medical coverage, yet there was "foot drag" on defendant's part in taking action with respect to this information. Our review of the record demonstrates defendant was the obstinate party and filed duplicative motions.

Defendant's claim for expenses did not establish plaintiff breached the MSA. As the motion judge noted, defendant lacked proof the expenses he sought reimbursement for were legitimate, and plaintiff covered most of the expenses of the New York property since its purchase. For these reasons, the judge declared the claims to "be a wash" and declined to grant defendant relief. The judge's determination was supported by substantial, credible evidence, and we decline to disturb it.

To the extent we have not addressed defendant's remaining claims, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5829-17T4