M. GENEVIEVE FULLERTON NIEDER, PLAINTIFF APPEL-
LANT AND CROSS-RESPONDENT, v. ROYAL INDEMNITY
INSURANCE COMPANY, DEFENDANT-RESPONDENT,
AND PETER DI MEGLIO AND CASTLE ASSOCIATES,
INC., DEFENDANTS-RESPONDENTS AND CROSS-AP-
PELLANTS.

Argued December 18, 1972—Supplemental material filed December 21,
1972, January 2, 4 and 8, 1973—Decided February 5, 1973.

*Mr. Purvis Brearley* argued the cause for appellant and cross-respondent.

*Mr. Bertram M. Light, Jr.* argued the cause for respondent Royal Indemnity Co.

*Mr. Marvin A. Sachs* argued the cause for respondents and cross-appellants Peter DiMeglio and Castle Associates, Inc. (*Messrs. Feuerstein, Sachs & Maitlin,* attorneys; *Mr. Leonard Rosenstein,* on the brief).

PER CURIAM. Plaintiff Genevieve Nieder sued defendant Royal Indemnity Insurance Company and defendants Peter DiMeglio and Castle Associates, Inc. as its agents to re-

cover on two fire insurance policies for losses resulting from a fire on August 29, 1966 that damaged two adjoining dwellings in Perth Amboy.

The trial court granted the motions of defendants for summary judgment on the pleadings and plaintiff's depositions. The complaint against the Insurance Company was dismissed on the ground that plaintiff's suit was filed some 16 months after the fire loss and was thus barred under the 12-month limitation period in the policies. The complaint against the agents was dismissed on the ground that they were entitled to the same immunity as their principal. Plaintiff's subsequent motion to prevent entry of the judgment or alternatively to vacate any judgment entered was denied.

On plaintiff's appeal to the Appellate Division that court affirmed the judgment favoring the Insurance Company but reversed the judgment as to the issue of the agents' liability and remanded the matter for trial. This Court granted plaintiff's petition and the cross petition of the agents for certification. 60 *N. J.* 195 (1972).

We affirm the determination of the Appellate Division with respect to a plenary trial as to the liability of defendants DiMeglio and Castle Associates. Plaintiff's claim against these agents is predicated upon the alleged wrongful cancellation of the insurance policies in question. She maintains that she first learned about the cancellation of the policies after the fire and when she attempted to collect the insurance. The record reveals an affidavit by an attorney representing the holder of a mortgage on the properties which reads in pertinent part:

> Mr. DiMeglio advised me that Mrs. Nieder owed him money on some other insurance he had written for her, that she had failed to pay it, so he ordered 2 fire insurance policies cancelled (1 covering this property and 1 covering the adjoining property) in order to obtain the return premium and apply same to Mrs. Nieder's account.

Although this and other affidavits were not before the trial court they were considered by the Appellate Division in

reaching its conclusion that there should be a plenary trial for an exploration of all the relevant facts concerning the alleged wrongful cancellation. We agree with that determination.

We further conclude, in light of what is before us, that the complaint should not have been dismissed against the Insurance Company, and accordingly the judgment of the Appellate Division is reversed to the extent that it provides otherwise.

The carrier urged by way of defenses, among others, that it had cancelled the policies prior to the fire loss and that plaintiff had failed to comply with a condition stated in the policies that any action thereon shall be "commenced within twelve months next after inception of the loss" as mandated by *N. J. S. A.* 17:36–5.20.

The reasoning of the trial judge that the one-year limitation period in the policies has the dignity of a general statute of limitations is irreconcilable with *Fredericks v. Farmers Rel. Ins. Co. of N. J.,* 80 *N. J. Super.* 599 (App. Div. (1963). There, the insured's ignorance of the policy limitation, allegedly attributable to an unjustifiable withholding of information concerning the policy, precluded the insurer from asserting such a defense. The rule may be otherwise if the insured should have known of the limitation period provided in the policy. *Id.* at 605. See also *Peloso v. Hartford Fire Insurance Co.,* 56 *N. J.* 514 (1970), wherein it was held that the 12-month period of limitation is tolled from the time the insured gives notice of the loss until liability is formally declined.

In the instant case plaintiff maintains that the original insurance policies were delivered directly to and retained by the first mortgagee Mercury Federal Savings and Loan Association, that copies thereof were not furnished to her and that the certificates of insurance she received made no reference to any time-limitation period. She maintains that after the fire she contacted the defendants, the carrier and its agents, also the first mortgagee and a fourth mortgagee, Bar-

ronten Corp., in an unsuccessful effort to obtain copies of the policies and in "desperation" she wrote to the Insurance Company requesting insurance-coverage information which letter was returned to her with a notation signed by Charles Dubitz, underwriter, that: "We cannot provide this information as our records do not go back this far — Sorry we cannot assist." According to her version she was unable to obtain copies of the policies until October 1967 as to one of the properties and, as to the other property, only when her interrogatories in the present litigation were answered.

In her Appellate Division brief plaintiff states that she retained Minion Fire Adjusters of Hillside, New Jersey, for assistance in obtaining a settlement of her insurance claims and that arrangements had been made with Mr. Holt of that agency to obtain copies of the insurance policies. The Appellate Division apparently viewed Holt as Mrs. Nieder's agent and noted in its opinion "it also appears that Holt received a copy of the form of the policy." Additional affidavits are attached to plaintiff's Supreme Court brief, including an affidavit by Holt wherein he states that he requested Mrs. Nieder to sign an agreement making him her agent and that she refused to do so. He further declares that he was not Mrs. Nieder's professional fire adjuster, knows nothing about a proof of claim filed on her behalf, never received a notification from her insurance company and did not receive a copy of her insurance policies.

We also note that Mrs. Nieder alleges that sometime after the fire the third mortgagee Robert Cohen showed to her a five-day cancellation notice, dated August 26, 1967, which he had received from the insurance company and thus she contends that the fire having taken place within a five-day grace period following that notice the policies were still in effect at the time of the fire. The facts are conflicting concerning plaintiff's actual knowledge, or knowledge reasonably imputable to her, as to the state of her insurance, and her contention that in the circumstances she was justified in as-

suming that she had two years within which to institute suit for the fire loss.

Another controverted fact issue is whether plaintiff had an insurable interest in the properties at the time of the fire. The Appellate Division concluded that "the plaintiff, having conveyed away title of the premises, was no longer insured under the policies when the loss occurred in August 1966." Our attention has been called to a collateral law suit between plaintiff and the fourth mortgagee to whom the properties had been transferred. It has been represented to us by plaintiff's counsel that the conveyance to Barronten involved in that litigation was a security transaction and that there has been an adjudication by the Chancery Division that the transaction is unenforceable. If plaintiff had retained only an equitable interest in the properties at the time of the fire, she might well have had an insurable interest and a right to recover under the policies as if she had a legal title. See *Kozlowski v. The Pavonia Fire Ins. Co.*, 116 *N. J. L.* 194, 199 (E. & A. 1936). That issue remains unresolved.

The present record is most unsatisfactory, disorganized and confusing, made so largely by plaintiff's actions *pro se*. It is haphazardly fragmented and improperly supplemented by affidavits without leave of court. However, there emerges from a review thereof certain genuine fact issues as to plaintiff's asserted claim against the Insurance Company. The supplemental material received after oral argument only accentuates the conflicting contentions of the parties and the evidentiary disparities in the record.

It is a well-settled principle that our appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available "unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest." *Reynolds Offset Co., Inc. v. Summer*, 58 *N. J. Super.* 542, 548 (App. Div. 1959), certif. den. 31 *N. J.* 554 (1960). Much of the factual data now before us was not presented to the trial court; and some

of it was not before the Appellate Division. However, there was error as a matter of law in the trial court's approach to the nature of the limitation provisions of the policies and the litigation on that issue would have to be remanded in any event. We therefore conclude that justice requires a remand for the orderly and complete presentation of the proofs at a plenary hearing on all issues. See *Gilligan v. International Paper Co.*, 24 *N. J.* 230, 239 (1957).

One additional note. The record indicates that there were 11 trial postponements. Plaintiff is not entitled to repetitive adjournments for the preparation and presentation of her case. At the retrial she should be prepared on the day scheduled to proceed with all of her proofs to a final conclusion with firm adherence to the rules and established court procedure.

The judgment of remand of the Appellate Division for a trial as to the liability of the agents is affirmed but the judgment is otherwise reversed to the end that there shall be a plenary trial on all issues.

*For modification in part and remandment*—Chief Justice WEINTRAUB, Justices JACOBS, HALL and MOUNTAIN, and Judges CONFORD and LEWIS—6.

*Opposed*—None.