**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0576-17T2

THE ALBERT SAMUELS TRUST,
WILLIAM HERMAN, GARY SAMUELS,
PETER MARX, and CANDIA HERMAN,

     Plaintiffs-Respondents,

v.

SETTIMO AND THE THREE
MUSKETEERS, LLC,

     Defendant-Appellant.

_____

Submitted September 18, 2018 – Decided October 2, 2018

Before Judges Hoffman and Firko.

On appeal from Superior Court of New Jersey, Law Division, Morris County, Docket No. L-2682-15.

Dominic V. Caruso, attorney for appellant.

Belsole and Kurnos, LLC, attorneys for respondents (Kevin Weinman, of the brief).

PER CURIAM

This matter arises from a dispute over a commercial real estate contract. Plaintiffs entered into an agreement to sell two lots[1] in Hanover Township to defendant buyer, Settimo and The Three Musketeers, LLC. The agreement provided for the payment of a development bonus, under certain circumstances. After defendant refused to pay the bonus, plaintiffs sued to compel payment. Defendant now appeals from the Law Division order granting plaintiffs' motion for summary judgment and entering judgment against defendant in the amount of $172,222.30, plus prejudgment interest. We affirm.

I

In 2006, the parties entered into a contract for plaintiffs to sell the subject property to defendant for $3,497,777. Lot 6 consisted of approximately 5.5 acres of improved property with frontage on Jefferson Road, and Lot 12 consisted of 3.3 acres of vacant property to the rear of Lot 6. Defendant terminated the initial contract after determining that approximately forty percent of the subject property was designated as protected wetlands by the New Jersey Department of Environmental Protection. Later that year, defendant entered into a second contract for the purchase of the same two lots, but for a reduced price,

---

[1] The property, identified on the local tax map as Block 2606, Lots 6 and 12, is commonly referred to as 64 South Jefferson Road in Whippany.

$2,577,000, with the reduction reflecting the impact of the wetlands on the development potential of the property. Nevertheless, the second contract contained the following provision:

> DEVELOPMENT BONUS: In the event the Buyer obtains approval to construct a building or other substantial improvements on the undeveloped portion of approximately 3.3 acres at the rear of the Property at any time after closing, the Buyer shall be obligated to pay the Seller the additional sum of One Hundred Seventy Two Thousand Two Hundred Twenty-Two and 30/100 Dollars ($172,222.30). . . .

Subsequently, defendant purchased Lots 1 and 1.01, narrow strips of land adjacent to the subject property. In 2011, the Township of Hanover Board of Adjustment (Board) granted defendant all necessary variances and approvals for the construction of a warehouse and office building on its four lots.[2] In November 2013, plaintiffs sent defendant a letter requesting payment pursuant to the development bonus provision, based upon the approvals defendant obtained. After defendant failed to make the requested payment, plaintiffs filed

---

[2] According to Joseph Gutilla, a managing member of defendant, in order to provide larger warehouse and office space for a related food distribution business, defendant's plan included construction of "an addition to one of the existing buildings [on Lot 6], i.e. expand onto the adjacent vacant land of Lot 12."

this action. In response to requests for admissions, defendant admitted the approvals obtained "apply to the bonus property."

## II

We review the disposition of a summary judgment motion de novo, applying the same standard used by the motion judge under Rule 4:46-2(c). Townsend v. Pierre, 221 N.J. 36, 59 (2015) (citation omitted). Thus, the court considers, as the motion judge did, whether "the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Town of Kearny v. Brandt, 214 N.J. 76, 91 (2013) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)). If there is no genuine issue of material fact, the court must then "decide whether the trial court correctly interpreted the law." Massachi v. AHL Servs., Inc., 396 N.J. Super. 486, 494 (App. Div. 2007) (citing Prudential Prop. & Cas. Co. v. Boylan, 307 N.J. Super. 162, 167 (App. Div. 1998)). The interpretation of a contract is a "question[] of law particularly suited for summary judgment." Badiali v. N.J. Mfrs. Ins. Grp., 220 N.J. 544, 555 (2015) (citing Selective Ins. Co. of Am. v. Hudson E. Pain Mgmt. Osteopathic Med. & Physical Therapy, 210 N.J. 597, 605 (2012))."

A-0576-17T2

As a general rule, we enforce contracts as the parties intended. Pacifico v. Pacifico, 190 N.J. 258, 266 (2007) (citations omitted). To do so the "terms of the contract must be given their 'plain and ordinary meaning.'" Schor v. FMS Fin. Corp., 357 N.J. Super. 185, 191 (App. Div. 2002) (quoting Nester v. O'Donnell, 301 N.J. Super. 198, 210 (App. Div. 1997)).

Defendant primarily asserts that the bonus provision's language for "approval to construct a building or other substantial improvements on" Lot 12 applies only if the Board approved construction of a building "on Lot 12." Defendant argues the necessity to purchase Lots 1 and 1.01 – which created access to and from Lot 12 and the public road – to obtain its development approval precludes the triggering of the bonus provision. We disagree.

The bonus provision plainly and unambiguously states that if defendant obtains approval for construction of a building or other substantial improvements on Lot 12 at any time after closing, defendant would owe plaintiffs the development bonus. It is undisputed defendant did obtain such approval, memorialized in a resolution from the Board. We agree with the trial judge that "[n]otably absent from the plain language of the . . . bonus provision is any wording that suggests that the development bonus is contingent on [d]efendant obtaining approval to only or exclusively build on Lot 12." We

therefore hold that defendant is liable to plaintiff for $172,222.30, plus prejudgment interest, on the basis of the clear triggering of the bonus provision.

Lastly, defendant argues plaintiffs "should be equitably estopped from asserting a claim" for the bonus since they did not assert the claim until November 4, 2013, three months after defendant paid off a purchase money mortgage which plaintiffs extended under the terms of the parties' contract. We decline to consider this argument because defendant failed to assert this defense in its answer or in its opposition to plaintiff's motion for summary judgment. See Gabriele v. Lyndhurst Residential Cmty., LLC, 426 N.J. Super. 96, 105 (App. Div. 2012) (citing Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)). "[A]ppellate courts will decline to consider questions or issues not properly presented to the trial court . . . []unless the questions so raised on appeal . . . concern matters of great public interest.[]" Nieder, 62 N.J. at 234 (quotation omitted). Nothing here suggests that defendant's claim of equitable estoppel rises to the requisite level of "great public interest." See U.S. Bank Nat'l. Ass'n v. Guillaume, 209 N.J. 449, 483 (2012) (quoting Nieder, 62 N.J. at 234).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0576-17T2