**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0830-17T1

MARIA RUFFA, as Guardian
Ad Litem of G.R., a minor, and
MARIA RUFFA, individually,

    Plaintiff-Appellants,

v.

ANTONIO RUFFA, an individual,
CAFÉ PIAZZA, a business entity,
SAPORE DI CALABRIA, LLC, d/b/a
CP CATERINGS, a business entity,

    Defendants,

and

FARMERS INSURANCE COMPANY
OF FLEMINGTON, a business entity,

    Defendant-Respondent.

_____

Argued October 16, 2018 – Decided October 30, 2018

Before Judges Yannotti and Natali.

On appeal from Superior Court of New Jersey, Law Division, Somerset County, Docket No. L-0402-16.

Marc D. Portlock argued the cause for appellants (Stathis & Leonardis, LLC, attorneys; Marc D. Portlock, on the brief).

Anthony P. Pasquarelli argued the cause for respondent (Sweet Pasquarelli, PC, attorneys; Kenneth C. Ho, on the brief).

PER CURIAM

In this insurance coverage dispute, plaintiffs Maria Ruffa, individually and as guardian ad litem for her minor son, G.R.[1], appeal from the Law Division's September 1, 2017 order dismissing their complaint against defendant Farmers Insurance Company of Flemington (Farmers). Plaintiffs sued Farmers to obtain insurance coverage for injuries sustained by then four-year old G.R. Because the Farmers policy clearly excludes coverage for G.R.'s injuries, we affirm.

On September 12, 2009, defendant Antonio Ruffa (Ruffa), G.R.'s father, purchased a 2005 Chevrolet G3500 box truck (box truck) for his catering business, defendant Sapore di Calabria LLC, d/b/a CP Caterings (Sapore). Ruffa bought the box truck to deliver food and transport employees to catering events. A hydraulic lift gate, called a "Tommy Gate", was permanently attached to the vehicle. The Tommy Gate contained warnings that explicitly proscribed riding

---

[1] We use initials for G.R. to protect his privacy.

on its platform. Additionally, the owner's manual directed against using the Tommy Gate as a wheelchair or personnel lift.

On September 13, 2009, Ruffa was inside the cargo area of the truck installing shelving when G.R. accidentally operated the Tommy Gate and sustained an injury to his right arm after it got caught between the gate's metal prongs. At the time of the injury, the truck was parked in the lot of Ruffa's other business, defendant Café Piazza.

Ruffa purchased automobile coverage for the box truck from Allstate Insurance Company on September 14, 2009, the day after the incident. Consequently, the Allstate policy did not cover the claim as it was not in effect at the time of G.R.'s accident.

Farmers, however, issued a Businessowners Policy (Farmers policy) to Sapore and Café Piazza that was effective on September 13, 2009. In general, the Farmers policy excludes coverage for bodily injury claims arising out of the operation of an automobile. Automobile is defined as "any land motor vehicle . . . designed for travel on public roads, including any equipment or machinery attached to such vehicle . . . [and not including] vehicles covered . . . as mobile equipment."

A-0830-17T1

Two provisions of the Farmers policy provide limited coverage for losses involving an automobile. First, under the incidental automobile coverage provision, coverage is extended for bodily injury claims arising out of the operation of "[c]herry pickers[2] and similar devices used to raise/lower workers" if those devices are "permanently attached to an automobile." Second, pursuant to the incidental mobile equipment coverage section, coverage is provided for bodily injury claims "arising out of . . . [the] use of mobile equipment." Mobile equipment is in turn defined as "solely land vehicles (including any equipment or machinery permanently attached to, or forming an integral part of, the vehicle) . . . used solely at your premises."

Farmers filed two summary judgment motions which the court denied on December 16, 2016, and July 21, 2017. In opposing the motions, plaintiffs claimed that the Tommy Gate was a "similar device" to a cherry picker. Plaintiffs further argued that Farmers's restrictive interpretation of the incidental automobile coverage provision was contrary to their reasonable coverage expectations.

---

[2] A cherry picker is a "[a] maneuverable vertical boom with an open bucket or cage at the end from which a worker can perform work high off the ground." Webster's II New College Dictionary 197 (3d ed. 2005).

A-0830-17T1

On September 1, 2017, Farmers sought reconsideration of the July 21, 2017 order and again moved for summary judgment. After hearing oral arguments, the court concluded that the "language of the [incidental automobile coverage] exclusion" unambiguously excepted coverage for the accident and granted Farmers's motion. This appeal followed.

Plaintiffs raise three arguments on appeal. First, plaintiffs maintain, as they did in the trial court, that because the Tommy Gate was permanently attached to the box truck and is a "similar device" to a cherry picker, the court should have found coverage under the incidental automobile coverage provision. Second, they argue, for the first time on appeal, that at the time of G.R.'s accident, the box truck was "solely a land vehicle" being used at Café Piazza's premises, and thus G.R.'s injuries were covered under the incidental mobile equipment coverage provision. Finally, plaintiffs claim that the trial court improperly interpreted the incidental automobile coverage as an exclusion and failed to interpret the policy consistent with their reasonable expectations. Having considered these arguments in light of the record and applicable legal principles, we conclude that the Farmers policy does not cover G.R.'s injuries.

We apply the same standard as the trial court when reviewing a grant of summary judgment. Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016).

5

Pursuant to Rule 4:46-2(c), a court is required to grant summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law."

If there are no genuine and material factual questions, we then determine whether the trial court made a correct ruling on the law. Walker v. Alt. Chrysler Plymouth, 216 N.J. Super. 255, 258 (App. Div. 1987). The interpretation and construction of an insurance contract is a matter of law that we review de novo. Simonetti v. Selective Ins. Co., 372 N.J. Super. 421, 428 (App. Div. 2004).

We consider Farmers policy in the context of well-established principles. Insurance policies are considered "contracts of adhesion," and as such, are "construed liberally in [the insured's] favor" to provide coverage "to the full extent that any fair interpretation will allow." Longobardi v. Chubb Ins. Co., 121 N.J. 530, 537 (1990) (alteration in original) (citing Kievit v. Loyal Protective Life Ins. Co., 34 N.J. 475, 482 (1961)). Thus, it follows that coverage clauses should be interpreted liberally, while exclusionary provisions should be strictly construed. Simonetti, 372 N.J. Super. at 429.

A-0830-17T1

"If the policy terms are clear, courts should interpret the policy as written and avoid writing a better insurance policy than the one purchased." President v. Jenkins, 180 N.J. 550, 562 (2004). "A 'genuine ambiguity' arises only 'where the phrasing of the policy is so confusing that the average policyholder cannot make out the boundaries of coverage.'" Progressive Cas. Ins. Co. v. Hurley, 166 N.J. 260, 274 (2001) (quoting Weedo v. Stone-E-Brick, Inc., 81 N.J. 233, 247 (1979)). If there is an ambiguity in the insurance contract, we "interpret the contract to comport with the reasonable expectations of the insured, even if a close reading of the written text reveals a contrary meaning." Zacarias v. Allstate Ins. Co., 168 N.J. 590, 595 (2001).

Guided by these principles, we are not persuaded by plaintiffs' argument that the Tommy Gate is a "similar device" to a "cherry picker" as it is not used to "raise/lower workers." In fact, the warnings affixed to the Tommy Gate and the instructions in its owner's manual specifically direct against such use. Interpreting the incidental automobile coverage provision to insure G.R.'s injuries would be providing plaintiffs with a better policy than what was bargained for by the parties. See President, 180 N.J. at 562.

A-0830-17T1

Next, we turn to plaintiffs' argument that G.R.'s claim is covered under the incidental mobile equipment coverage provision. That claim is both procedurally and substantively deficient.

Procedurally, defendant did not raise that argument in opposition to Farmers's summary judgment or reconsideration motions. Consequently, because the issue does not go to the jurisdiction of the court nor does it concern a matter of substantial public interest, we could decline to consider it on appeal. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973).

In any event, the argument is substantively without merit. G.R.'s injuries did not "aris[e] out of . . . [the] use of mobile equipment" because the box truck was not "solely [a] land vehicle" that was being used exclusively at Café Piazza. It was undisputed that Ruffa purchased the truck to deliver food and personnel for Sapore's catering jobs, bought automobile insurance for the vehicle, and consistently used the truck for deliveries after the accident. Rather than "mobile equipment," the box truck falls squarely within the definition of an automobile as it was designed for travel on public roads.

We also disagree that the court committed reversible error because it interpreted the incidental automobile coverage provision as an exclusion, rather than a grant of coverage. Although the court mistakenly characterized the

8

provision as an exclusion, the error was harmless because as we have already determined after our de novo review, the provision is unambiguous and does not cover plaintiffs' claims. Similarly, because the Farmers policy is clear and an average policyholder can "make out the boundaries of coverage," <u>Weedo</u> 81 N.J. at 247, we reject plaintiffs' argument that the court failed to interpret the Farmers policy consistent with their reasonable expectations.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION