**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2835-17T2

ADISSAYA MACKIN,

      Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
and LERNER NEW YORK, INC.,

      Respondents.

_____

Submitted March 11, 2019 – Decided April 15, 2019

Before Judges Messano and Gooden Brown.

On appeal from the Board of Review, Department of Labor, Docket No. 130,177.

Adissaya Mackin, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Daniel Pierre, Deputy Attorney General, on the brief).

Respondent Lerner New York, Inc., has not filed a brief.

PER CURIAM

Adissaya Mackin worked for Lerner New York, Inc. (Lerner) from May 2016 to July 30, 2017. She applied for unemployment benefits, and the Deputy concluded she was eligible for benefits. Lerner appealed, and the Appeal Tribunal (Tribunal) postponed the first hearing due to a family medical emergency involving Lerner's representative witness. A rescheduled telephonic hearing took place on November 20, 2017, but Mackin did not participate.

The Tribunal found that Lerner had discharged Mackin for violating company policy regarding the return of damaged goods to the manufacturer. Mackin discarded the damaged goods, instead of attaching "damage tags" for their return, causing a loss to Lerner. The Tribunal found Mackin's actions "constitute[d] a disregard of the employer's interest, a violation of the employer's known rules, and a disregard of the standards of behavior which the employer had the right to expect . . . especially since the claimant was in a managerial position." Because Mackin received "no prior warnings for this type of violation," the Tribunal concluded "the discharge was for simple misconduct[,]" and disqualified her for benefits pursuant to N.J.S.A. 43:21-5(b).

The Director of Unemployment Insurance mailed Mackin a refund request requiring the return of $889 in benefits. Mackin then filed an appeal to the

2

Board of Review (Board). She claimed that she did not violate company policy because it was impossible to attach tags to damaged pieces of jewelry. The Board found that Mackin failed to demonstrate any good cause for her non-appearance before the Tribunal. It affirmed the decision of the Tribunal.

Before us, Mackin does not challenge the Board's conclusion that her failure to appear before the Tribunal was unexplained and unexcused. Instead, she contends for the first time that Lerner failed to issue a written warning before termination and, therefore, improperly terminated her. We agree with the Board that Mackin never raised this issue at any level in the administrative proceedings, and we refuse to consider it for the first time on appeal. See In re Bd. of Educ. of Boonton, 99 N.J. 523, 536 (1985) (refusing to consider issue not raised before hearing examiner) (citing Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)). We otherwise affirm.

Our review of final agency action is quite limited. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). "In reviewing the factual findings made in an unemployment compensation proceeding, the test is not whether [we] would come to the same conclusion if the original determination was [ours] to make, but rather whether the factfinder could reasonably so conclude upon the proofs." Ibid. (quoting Charatan v. Bd. of Review, 200 N.J. Super. 74, 79 (App. Div.

1985)).  "If the Board's factual findings are supported 'by sufficient credible evidence, [we] are obliged to accept them.'"  Ibid.; see also Bustard v. Bd. of Review, 401 N.J. Super. 383, 387 (App. Div. 2008).  Only if the Board's "action was arbitrary, capricious, or unreasonable" should it be disturbed.  Brady, 152 N.J. at 210.

We set forth at length the history of N.J.S.A. 43:21-5(b) and accompanying regulations in In re N.J.A.C. 12:17-2.1, 450 N.J. Super. 152 (App. Div. 2017).  At the time of the Board's decision, the statute did not define "misconduct connected with the work," and included other categories — severe and gross misconduct — that compelled a greater period of disqualification from benefits.  N.J.S.A. 43:21-5(b).

An employee is considered "discharged for an act of simple misconduct" if he or she "committed an act of 'simple misconduct' and . . . [v]iolated a reasonable rule of the employer which the individual knew or should have known was in effect."  N.J.A.C. 12:17-10.5(a)(3).  N.J.A.C. 12:17-2.1 defines "simple misconduct" as

> neither "severe misconduct" nor "gross misconduct" and . . . an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior that the employer has the right to expect of his or her employee, or negligence in such degree or recurrence

> as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer.

We set aside this definition, stayed our decision and provided the Department of Labor and Workforce Development an opportunity to promulgate a new regulation. In re N.J.A.C. 12:17-2.1, 450 N.J. Super. at 173.

While the stay was in effect, the Legislature amended N.J.S.A. 43:21-5(b). L. 2018, c. 112. It eliminated the category of "severe misconduct," and defined "misconduct" as

> conduct which is improper, intentional, connected with the individual's work, within the individual's control, not a good faith error of judgment or discretion, and is either a deliberate refusal, without good cause, to comply with the employer's lawful and reasonable rules made known to the employee or a deliberate disregard of standards of behavior the employer has a reasonable right to expect, including reasonable safety standards and reasonable standards for a workplace free of drug and substance abuse.
>
> [N.J.S.A. 43:21-5(b).]

As of today, however, the regulations have not been changed.

In any event, the Board's factual findings are supported by sufficient, credible evidence in the record, as is its conclusion that Mackin was terminated

for a "disregard of [the] standards of behavior that the employer ha[d a] right to expect . . . ."  N.J.A.C. 12:17-2.1.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2835-17T2