**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0993-18T1

KATHY A. STRUDWICK,

    Plaintiff-Respondent,

v.

JASON A. WAGNER,

    Defendant-Appellant.

_____

> Submitted November 18, 2019 – Decided February 14, 2020
>
> Before Judges Fasciale and Rothstadt.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Camden County, Docket No. FD-04-0652-19.
>
> Jason A. Wagner, appellant pro se.
>
> Respondent Kathy A. Strudwick has not filed a brief.

PER CURIAM

    Defendant Jason A. Wagner appeals from the Family Part's October 12, 2018 order directing that defendant pay $100 per week child support directly to

the child's grandmother, plaintiff Kathy Strudwick for the support of his then eighteen-year-old son, and that such funds be deducted from defendant's IRA account, which was maintained through his former employer. On appeal, defendant argues he was never served with any notice of plaintiff's application for the support. Relying on <u>Kuron v. Hamilton</u>, 331 N.J. Super. 561, 573 (App. Div. 2000), defendant argues that the matter should be vacated and remanded for a new hearing so that he can assert a position in opposition to the application. He also contends that he is entitled to appointment of counsel, relying on the Court's holding in <u>Pasqua v. Council</u>, 186 N.J. 127, 149 (2006). Plaintiff has not filed any brief in opposition. We are unable to consider defendant's contentions and dismiss his appeal as he has failed to provide us with sufficient information to conduct a meaningful appellate review and never sought any relief from the trial court.

The facts stated in defendant's brief and gleaned from the order under appeal are summarized as follows. Defendant and plaintiff's daughter have been married since 1999. They have two children. Defendant has been separated from his wife and family due to his unrelated incarceration in 2015. Shortly thereafter, the wife and the two children moved into plaintiff's home, and since then defendant has had no contact with his wife or children.

A-0993-18T1

According to defendant, plaintiff filed an application for support against her daughter and defendant, but defendant claims that he never received notice of the application or service of process. It was only when he was served with the court's order that he learned of plaintiff's action.

Evidently, the court entered a second order against defendant's wife as well as the order under appeal against defendant. Inexplicably, the order only addresses the older of the two children, and the order as to the wife is "without prejudice" while defendant's is not.

We have not been provided with any transcripts or documents other than the order under appeal and the order entered against the wife, and neither order is supported by any statement of reasons. See R. 2:5-3 (requiring filing of transcripts); R. 2:6-1(a)(1)(I) (requiring an appellant to provide us with "such . . . parts of the record . . . as are essential to the proper consideration of the issues"). Moreover, defendant never raised before the trial court either contention he now argues on appeal. See State v. Robinson, 200 N.J. 1, 20 (2009) ("[A]ppellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available unless the questions so raised on appeal go to the jurisdiction of the

A-0993-18T1

trial court or concern matters of great public interest." (quoting <u>Nieder v. Royal</u>

<u>Indem. Ins. Co.</u>, 62 N.J. 229, 234 (1973))).

Under these circumstances, we are not able to perform our appellate function and are therefore constrained to dismiss this appeal. We do so, however, without prejudice to defendant seeking, as he should have in the first instance, relief from the order and appointment of counsel by filing the appropriate motion with the trial court.

Dismissed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

4                                                                    A-0993-18T1