**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3598-18T2

ROXANNE DUNNING,

 Plaintiff-Respondent,

v.

HARRY RITCHIE, JR.,

 Defendant-Appellant.

_____

Submitted March 16, 2020 – Decided May 11, 2020

Before Judges Rothstadt and Moynihan.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Camden County, Docket No. FM-04-1373-13.

Borger Matez, PA, attorneys for appellant (Peter M. Halden, on the brief).

Respondent has not filed a brief.

PER CURIAM

 Defendant Harry Ritchie, Jr. appeals from a Family Part order denying his motion to terminate or modify his weekly $200 open-duration alimony

obligation to plaintiff, established in the parties' June 25, 2014 divorce settlement. Defendant claims he was entitled to alimony termination or reduction because: he reached full-retirement age of sixty-six; due to his age and limited education, he is unable to find employment in the computer field in which he worked "for the majority of his career"; his 401(k) retirement fund was dissipated to carry expenses related to the marital home in which he did not live and which plaintiff overpriced forestalling its sale while she and several of her family members occupied it; and he was forced to relocate to Vietnam in order to live on the balance of his $2081 monthly social security benefit after paying alimony, and still, he is unable to meet his living expenses.

Following an evidentiary hearing, Judge Yolanda C. Rodriguez analyzed defendant's application under N.J.S.A. 2A:34-23(j)(3), in that defendant's alimony obligation was established prior to the statute's September 10, 2014 effective date. We accord deference to the judge's "special jurisdiction and expertise" in family law matters. Cesare v. Cesare, 154 N.J. 394, 413 (1998).

> Deference is especially appropriate "when the evidence is largely testimonial and involves questions of credibility." In re Return of Weapons to J.W.D., 149 N.J. 108, 117 (1997). Because a trial court "'hears the case, sees and observes the witnesses, [and] hears them testify,' it has a better perspective than a reviewing court in evaluating the veracity of witnesses." Pascale v. Pascale, 113 N.J. 20, 33 (1988).

[Id. at 412 (alteration in original).]

Under that limited standard of review, we affirm substantially for the reasons set forth in Judge Rodriguez's cogent oral opinion.

Having found it was undisputed that defendant reached full retirement age and retired in good faith, the judge applied her factual findings to each of the statutory factors,[1] starting with plaintiff's ability to have saved adequately for

---

[1] N.J.S.A. 2A:34-23(j)(3) requires the judge to

> consider the ability of the obligee to have saved adequately for retirement as well as the following factors in order to determine whether the obligor, by a preponderance of the evidence, has demonstrated that modification or termination of alimony is appropriate:
>
> (a) The age and health of the parties at the time of the application;
>
> (b) The obligor's field of employment and the generally accepted age of retirement for those in that field;
>
> (c) The age when the obligor becomes eligible for retirement at the obligor's place of employment, including mandatory retirement dates or the dates upon which continued employment would no longer increase retirement benefits;
>
> (d) The obligor's motives in retiring, including any pressures to retire applied by the obligor's employer or incentive plans offered by the obligor's employer;

retirement. From documentary evidence and plaintiff's testimony that the judge deemed credible, Judge Rodriguez determined plaintiff received $1183 in net monthly social security disability benefits—which began approximately four years before the divorce—and did not have any ability to save.

Defendant argues the judge made "no mention of the evidence presented at trial that shows that plaintiff received approximately [ninety percent] of the equity from the sale of the" marital home: about $115,000. Defendant does not provide a reference in the record supporting that contention, see R. 2:6-2(a)(5), and we see nothing in the record that establishes that averment, ostensibly made for the first time on appeal; as such it is not cognizable, see Nieder v. Royal Indem. Ins., 62 N.J. 229, 234 (1973). We also note the court's prior orders

(e) The reasonable expectations of the parties regarding retirement during the marriage or civil union and at the time of the divorce or dissolution;

(f) The ability of the obligor to maintain support payments following retirement, including whether the obligor will continue to be employed part-time or work reduced hours;

(g) The obligee's level of financial independence and the financial impact of the obligor's retirement upon the obligee; and

(h) Any other relevant factors affecting the parties' respective financial positions.

required payments from the home-sale proceeds be made for reimbursement to plaintiff's sister, counsel fees, alimony arrears owed to plaintiff and reimbursement to plaintiff for home repairs.

In considering the delineated statutory factors, Judge Rodriguez found as to subsection (a), although plaintiff was "four years younger than defendant," she was disabled and receiving social security benefits, as she had when the parties divorced; plaintiff took numerous prescription medications and walked with a cane. In contrast, the judge found "defendant proudly testified that he work[ed] out at a gym everyday" as supported by evidence of Facebook posts. His CIS revealed he did not take any medications.

As to subsection (b), the judge found no evidence relating to the generally accepted age of retirement in the computer field, and that subsections (c) and (d) were inapplicable because defendant was terminated from his last job prior to the divorce and had not worked in the computer field since. As such, he was not eligible to retire from his last position and was not pressured to retire.

The judge also discredited defendant's testimony that supports his present contention that his obligation should be terminated or reduced so he could afford

A-3598-18T23598-18T2

to live in the United States and "be with his children and grandchildren[.]"[2]  Her careful study of defendant's testimony led the judge to reason:

> [H]is excuse for not being able to come to the U.S. to visit his family is also not credible.  He testified he would come to the U.S. more often to see his family if only he had more money.  However, on a trip to the U.S. in October 2017, . . . he spen[t] at least a week in Clearwater, Florida with a friend and not with his children and grandchildren.  He has an excuse for this too.  He testified that the reason that he went to the Florida beach with his friend is not because he enjoys that friend's company, but because he wouldn't have to pay for a hotel and car, he could stay there for free.  This is not logical.  Is his family charging him rent to stay with them?  If he's that financially tight wouldn't his family lend him a car to use so that he could spend time with them and not have to go to the beaches of Clearwater, Florida with a friend?  If he regrets the fact that he didn't spend time with his children when they were young, why would he go to Clearwater, Florida during his once a year visit to the U.S.?  In summary, defendant was not credible.

Judge Rodriguez addressed "[t]he reasonable expectations of the parties regarding retirement during the marriage . . . and at the time of the divorce," N.J.S.A. 2A:34-23(j)(3)(e), after reviewing the transcript containing the parties' settlement agreement reached on the date of their divorce.  From that evidence the judge found "the parties accepted that . . . defendant was probably not going

---

[2]  Each party had children by prior relationships; they had no children in common.

to get another position in the computer field making the type of salary, around $70,000, that he made in his last job." The judge also found "[p]laintiff was disabled and defendant, at most, would obtain a low[-]paying job[.]" The judge continued:

> [I]t is under those conditions that they agreed to the permanent alimony amount. This favors . . . plaintiff. It is not as if defendant was earning a significant salary and had agreed to a comparably high alimony. On the contrary, they agreed to a small alimony award because they knew that he would either not work or else work at the level of a minimum wage job[.]

The judge concluded the parties expected a modest retirement.

Judge Rodriguez's analysis of subsection (f) included her perspicacious assessment of the testimony and evidence presented at the plenary hearing at which both parties testified, to which we accord due deference. Cesare, 154 N.J. at 412. The judge found defendant's testimony that he was not working in Vietnam, and that he was merely volunteering at a school without compensation, not credible. The judge observed defendant "wanted to portray himself as teaching to underprivileged children because, as he said, it [was] personally fulfilling"; but questioned, "if that [was] the case, why would he appear so defensive on the stand?" The judge considered Facebook-post evidence to be "consistent with someone who is employed as an English teacher in Vietnam.

A-3598-18T23598-18T2

His partying lifestyle indications are also consistent with someone who is employed in Vietnam and supplementing his income, but wanting to keep that information away from his ex-wife[.]"

Defendant contends that the only evidence that he was working in Vietnam was a photograph of him, dressed in a collared shirt and tie, in a classroom. We disagree. Assessing defendant's ability to maintain alimony payments in retirement, including his ability to work part-time or reduced hours, N.J.S.A. 2A:34-23(j)(3)(f), the judge found

> [i]t is clear from the numerous Facebook page posts by defendant that he has been able to live comfortably and pay the alimony that had been agreed to on June 25, 2014. This may partially be due to the fact that he has moved to Vietnam where his social security check goes further and enables him to travel, go to the gym every day, go to a pool, eat out frequently, party at nightclubs, but it's also due to the fact that the modest alimony amount was set at a time when he was already unemployed and had been for two years. Additionally, his testimony that he was not working as a teacher in Vietnam was not credible in light of how he testified in court, his Facebook posts and his lack of producing a certified translation of his visa. Given that he is working in Vietnam as a teacher it is understandable how he has been able to live so comfortably in Vietnam and easily pay his modest alimony.

Judge Rodriguez reiterated her prior finding that plaintiff was disabled in analyzing plaintiff's "level of financial independence and the financial impact"

of defendant's retirement on her. N.J.S.A. 2A:34-23(j)(3)(g). Notwithstanding defendant's claim that plaintiff received social security disability benefits and lives with her daughter who receives disability and government assistance, the judge found plaintiff's

> disability benefits plus her modest alimony still don't completely cover her expenses. She is sharing a one bedroom with her adult disabled daughter who also receives disability benefits and public assistance following a serious car accident. Additionally, it is undisputed that plaintiff's sister helps her out financially when she needs it. So the termination, or reduction, in her alimony by defendant because he has reached full retirement age would be devastating to her.

Determining there was no evidence pertaining to subsection (h), the judge concluded defendant failed to prove that his alimony obligation should be terminated or modified. Contrary to defendant's contention that the judge did not consider a modification, the judge's findings related to that alternative relief. Her decision made clear that a reduction of the modest alimony obligation was not warranted. In testimony determined to be credible by the judge, plaintiff stated that even with alimony and social security benefits she receives, she "struggle[s] to make ends meet," and relies on her sister financially, because she is unable to work at all to supplement her income. Plaintiff testified that she is in poor health, lives in a one-bedroom apartment she and her daughter share,

and although she took trips to the Caribbean and Florida, her sister was the one who covered the entire trips' costs.

Only when the family court's findings are "so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice" is reversal warranted. Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974) (quoting Fagliarone v. Township of N. Bergen, 78 N.J. Super. 154, 155 (App. Div. 1963)). Judge Rodriguez's findings are amply "supported by adequate, substantial, credible evidence." Cesare, 154 N.J. at 411-12. As such, we affirm.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION