# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0379-19T4

R.S.,

      Plaintiff-Respondent,

v.

A.M.,

      Defendant-Appellant.

_____

           Submitted October 6, 2020 — Decided October 16, 2020

           Before Judges Mawla and Natali.

           On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FV-09-0238-20.

           Keith Anderson, attorney for appellant.

           Respondent has not filed a brief.

PER CURIAM

      Defendant A.M. appeals from an August 29, 2019 Final Restraining Order

(FRO) entered in favor of plaintiff R.S. by default, pursuant to the Prevention

of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35. We vacate the FRO and remand the matter for the reasons set forth below.

On July 15, 2019, plaintiff filed a domestic violence complaint alleging defendant committed predicate acts of harassment on July 2 and 14, 2019, and was granted a Temporary Restraining Order (TRO). The parties appeared for the FRO hearing on July 26 and the court entered an amended TRO, rescheduling the matter for August 27 at 8:30 a.m. The amended TRO stated defendant was served with the notice reflecting the date and time of the next appearance.

The FRO hearing began at 10:01 on August 27. Plaintiff appeared and presented testimony from her husband, herself, and her brother. Prior to rendering his decision, the judge noted defendant had appeared in court on July 26 and was served with notice of the FRO hearing date and time. He stated defendant also "received a courtesy call from the [c]ourt and a message was left for him indic[a]ting today's date, place and time of hearing. He was, also, sent a notice to a local address in Jersey City on . . . July 26th which was not returned as undeliverable."

Defendant did not appear until after the conclusion of plaintiff's case and near the end of the judge's oral decision. The judge questioned defendant under oath regarding his whereabouts and the following colloquy ensued:

THE COURT: . . . It's 10:38, where have you been?

[DEFENDANT]: Whatchamacallit, I was – I thought it was yesterday the court date.

THE COURT: Did you come to court yesterday?

[DEFENDANT]: Yes.

THE COURT: And did they tell you it was today?

[DEFENDANT]: Yes.

THE COURT: All right. So where have you been?

[DEFENDANT]: I was just running late this morning.

THE COURT: Well, . . . I've already heard the testimony. I'm at the end of my decision [here]. You can listen to the decision. It would have been better if I had heard from you and heard your side of the story, but you've chosen to come in at . . . 10:38 and there's nothing I can do about it.

The judge concluded his findings and found: the court had jurisdiction under the PDVA to enter an FRO because the parties had been in a dating relationship; plaintiff had proven harassment because defendant threatened to kill plaintiff and her husband and threatened to have others "jump" plaintiff; and plaintiff needed the protection of an FRO because she wanted to be left alone and had no desire for a relationship or reconciliation with defendant, which the judge concluded was "a legitimate concern here based on the testimony . . . ."

3

On appeal, defendant argues the FRO should be vacated under Rule 4:50-1(c), because plaintiff's testimony regarding the predicate acts of domestic violence was perjury. He attaches a certification to his brief purporting to refute the allegations of domestic violence and attaches notarized letters from his brother and mother claiming he was shopping with them in a different municipality at the time of July 14 incident. Defendant also asserts we should vacate the FRO because it was entered by default and we should apply the more indulgent standard for relief accorded under Rule 4:43-3.

Defendant argues the FRO should be vacated under Rule 4:50-1(f) because the judge should have accommodated his lateness and not saddled him with the FRO without considering his testimony. His certification claims he was late to court because he had methadone treatment, which prevented him from sleeping properly, causing him to oversleep on the day of trial, and had no money for a taxi and had to walk to court. He argues the judge abused his discretion by refusing to allow him to testify and not explaining why, and urges a reversal on equitable grounds.

At the outset, we note this is a direct appeal from a judgment entered after trial. Rule 4:50-1 addresses the grounds for collateral relief, not a direct appeal. Defendant's arguments must be put to the trial judge pursuant to Rule 4:50-1.

See also N.J.S.A. 2C:25-29(d).  Similarly, an application to vacate a default judgment pursuant to Rule 4:43-3 is "left to the sound discretion of the trial court, and will not be disturbed absent an abuse of discretion." Mancini v. EDS, 132 N.J. 330, 334 (1993).  As a general proposition, we do not hear arguments which were not presented to the trial court in the first instance.  Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973).

Even though the trial judge afforded defendant the opportunity to explain why he was late, defendant's answer was vague and non-responsive.  We appreciate the trial judge's frustration with defendant's late arrival to court.  However, the judge professed his preference to hear defendant's version of the facts, and the testimony presented by plaintiff and her three witnesses spanned just thirty-seven minutes of the court's time.  Our Supreme Court has emphasized that the due process right of the opportunity to be heard is accorded to defendants under the PDVA.  H.E.S. v. J.C.S., 175 N.J. 309, 324-25 (2003).  For these reasons we vacate the FRO and reinstate the TRO for the judge to consider the testimony on behalf of both parties before making a final decision.

Vacated and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION