**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2165-19

IN THE MATTER OF
VINCENT ANTENUCCI,
DIVISION OF STATE POLICE,
DEPARTMENT OF LAW AND
PUBLIC SAFETY.

_____

Argued October 12, 2021 – Decided October 27, 2021

Before Judges Rothstadt and Mayer.

On appeal from the New Jersey Civil Service Commission, Docket No. 2019-3633.

Michael A. Bukosky argued the cause for appellants Vincent Antenucci and the State Trooper's Non-Commissioned Officers Association (Loccke, Correia, & Bukosky, attorneys; Michael A. Bukosky and Corey M. Sargeant, of counsel and on the briefs).

Eric A. Reid, Deputy Attorney General, argued the cause for respondent New Jersey Civil Service Commission (Andrew J. Bruck, Acting Attorney General, attorney; Sookie Bae-Park, Assistant Attorney General, of counsel; Eric A. Reid, on the brief).

PER CURIAM

Vincent Antenucci and the State Trooper's Non-Commissioned Officers Association (Association) appeal from a December 23, 2019 final decision of the Civil Service Commission (Commission) denying Antenucci's request for waiver of a repayment of salary overpayment under N.J.A.C. 4A:3-4.21. We affirm.

We briefly recount the relevant facts. Antenucci is employed by the New Jersey State Police. In 2012, he received a job promotion. Due to a purported administrative error, the New Jersey State Police inadvertently placed Antenucci on the wrong salary level. Instead of a modest raise, Antenucci's salary increased to $87,913.02 instead of $81,840.18.

Over the years, Antenucci received three more promotions and the alleged salary error compounded. In May 2019, the New Jersey State Police informed Antenucci of a salary overpayment in the amount of $29,000 and advised he would have to return the money.

Antenucci applied to the Commission for a repayment waiver under N.J.A.C. 4A:3-4.21. He argued the overpayment resulted from an administrative error by the New Jersey State Police, he was unaware of the overpayment because he was due for a salary increase at the time of initial overpayment, and repayment would cause his family to suffer an economic

hardship. The Commission rejected the waiver because Antenucci failed to show he was reasonably unaware of the error and repayment would cause him economic hardship.

In support of his contention that repayment of the $29,000 amount would cause economic hardship, Antenucci provided the Commission with his monthly household budget. The budget showed credit card debts, an unpaid home equity line of credit debt, an outstanding personal loan, and other monthly expenses, including cable service, which exceeded his family's monthly net income.

The Commission rejected Antenucci's request for a waiver of salary overpayment request. To be entitled to a waiver under the regulation, Antenucci needed to demonstrate: (1) the overpayment was such that the employee could reasonably have been unaware of the error; (2) the overpayment resulted from a specific administrative error and was not due to mere delay in processing a change in pay status; and (3) the terms of the repayment schedule resulted in an economic hardship to the employee. See N.J.A.C. 4A:3-4.21.

The Commission found "the record clearly shows that an administrative error resulted in the salary overpayment," thereby satisfying one of the requirements under N.J.A.C. 4A:3-4.21. However, the Commission concluded Antenucci failed to satisfy the regulation's other requirements for entitlement to

a waiver. The Commission determined the nearly $10,000 salary increase was substantial enough that Antenucci should have been on notice a salary error occurred. The Commission also rejected Antenucci's argument that repayment would cause economic hardship because the "the appointing authority ha[d] not set any repayment schedule."

Following issuance of the Commission's decision, the Association became involved in the matter. In January 2020, the Association filed a grievance with the Public Employment Relations Commission (PERC) against the New Jersey State Troopers. The issues raised in the Association's brief in this appeal have been submitted to PERC for resolution. During oral argument, we were advised an arbitration hearing before PERC is scheduled for December 2021.

The sole issue for our review is whether the Commission's denial of Antenucci's request for a waiver of the repayment of his salary overpayment was arbitrary, capricious, unreasonable, or lacked support in the record. Antenucci presented no other issues to the Commission. Appeals to this court involve "review[ing] final decisions or actions of any state administrative agency or officer." R. 2:2-3.

Here, the arguments on appeal, other than the Commission's denial of Antenucci's request for waiver of any repayment of his salary overpayment, have

been presented to PERC as part of a grievance filed by the Association and are not properly before this court for review. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973). The Association's newly raised arguments on appeal will be adjudicated by a PERC arbitrator, including the disputed salary overpayment. We further note PERC's adjudication of the Association's grievance does not bar Antenucci's filing a new waiver application pending PERC's determination on the issue of any salary overpayment.

Our scope of review of an administrative agency's final determination is limited. In re Herrmann, 192 N.J. 19, 27 (2007). "An administrative agency's final quasi-judicial decision will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Id. at 27-28. The burden of proving a decision was arbitrary, capricious, or unreasonable is on the party challenging the agency action. Lavezzi v. State, 219 N.J. 163, 171 (2014) (citing In re J.S., 431 N.J. Super. 321, 329 (App. Div. 2013)).

When reviewing an agency decision, we examine (1) whether the agency action violated "express or implied legislative policies," (2) whether there is substantial evidence in the record to support the agency's decision, and (3) whether in applying the law to the facts, the agency reached a conclusion that

"could not reasonably have been made on a showing of the relevant factors." Allstars Auto. Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018). Where an agency's decision satisfies these criteria, we accord substantial deference to the agency's fact-finding and legal conclusions, recognizing "the agency's 'expertise and superior knowledge of a particular field.'" Circus Liquors, Inc. v. Governing Body of Middletown Twp., 199 N.J. 1, 10 (2009) (quoting Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992)).

N.J.A.C. 4A:3-4.21 sets forth the standards for a waiver of repayment of a salary overpayment. The regulation requires an applicant to show the following:

> 1) the circumstances and amount of the overpayment were such that an employee could reasonably have been unaware of the error; 2) the overpayment resulted from a specific administrative error, and was not due to mere delay in processing a change in pay status; 3) the terms of the repayment schedule would result in economic hardship to the employee.
>
> [N.J.A.C. 4A:3- 4.21.]

Here, the Commission agreed Antenucci's purported salary overpayment occurred because of an administrative error. While Antenucci met one of the

requirements of N.J.A.C. 4A:3- 4.21, he was required to satisfy all three components of the regulation to be entitled to a waiver.

The Commission reviewed Antenucci's circumstances to determine whether he was reasonably aware of the salary error and if repayment would cause him economic hardship. Antenucci argued it was unreasonable for him to be aware or question the increase he received. Since he expected a pay raise, Antenucci presumed the extra money in his paycheck was part of his planned raise. Antenucci further claimed an employee in his position, someone who is not an accountant or other financial professional, could reasonably have been unaware of the salary error.

The Commission rejected these arguments. The Commission explained compensation for New Jersey State Troopers is public information and there were several other sources of information Antenucci could and should have consulted to conclude the salary amount was incorrect. Additionally, the Commission concluded the substantial salary increase itself should have caused Antenucci to investigate.

Antenucci also argued repayment would cause his family to suffer economic hardship. According to Antenucci, the family's monthly budget demonstrated an inability to incur an additional monthly expense.

The Commission determined Antenucci failed to demonstrate economic hardship because the New Jersey State Police had not set a repayment schedule. Because no repayment schedule had been established, Antenucci failed to satisfy his burden of showing an inability to repay his salary overpayment for entitlement to a waiver.[1] Further, the Commission concluded certain monthly expenses incurred by Antenucci and his family were non-essential and therefore repayment would not result in economic hardship because Antenucci could adjust his monthly expenses when a repayment schedule is established.

Having reviewed the record, we discern no basis for disturbing the Commission's decision on Antenucci's waiver request. The Commission's determination, based on the undisputed evidence in the record, was not arbitrary, capricious, or unreasonable. Antenucci's remaining arguments are presently pending a scheduled hearing before a PERC arbitrator. Our affirmance of the Commission's December 23, 2019 decision is based on the record before the agency on that date. Nothing precludes Antenucci's filing of a new waiver

---

[1] During oral argument, counsel confirmed the New Jersey State Troopers have yet to establish a repayment schedule to collect Antenucci's purported salary overpayment.

application after the PERC arbitrator renders a decision on the Association's grievance claims.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2165-19