# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3304-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

LAWRENCE E. PIPPINS,
a/k/a LONNIE E. PIPPINS,

     Defendant-Appellant.

_____

Submitted September 25, 2025 – Decided October 3, 2025

Before Judges Mawla and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 17-09-0939.

Jennifer N. Sellitti, Public Defender, attorney for appellant (John V. Molitor, Designated Counsel, on the brief).

LaChia L. Bradshaw, Burlington County Prosecutor, attorney for respondent (Nicole Handy, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Lawrence E. Pippins appeals from the May 1, 2024 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Having considered defendant's arguments in light of the applicable law, we affirm substantially for the reasons set forth by Judge Richard J. Nocella in his well-reasoned written decision, adding the following remarks.

Following his guilty plea to first-degree aggravated assault, N.J.S.A. 2C:14-2(a)(4), and first-degree kidnapping, N.J.S.A. 2C:13-1(b)(2), we affirmed defendant's aggregate twenty-five-year sentence. State v. Pippins, No. A-5539-17 (App. Div. May 7, 2019). In his petition for PCR, defendant claimed his trial counsel was ineffective for allowing an oppressive term in the plea agreement[1] and by failing to argue for mitigating factors at sentencing.

On appeal, defendant largely reprises the same arguments raised before Judge Nocella:

> POINT I
>
> THIS COURT SHOULD REVERSE THE PCR COURT'S DECISION TO DENY . . . DEFENDANT'S PETITION FOR [PCR] WITHOUT AN EVIDENTIARY HEARING.

---

[1] The plea agreement stated, "State will not prosecute [defendant's girlfriend] for CDS found in purse."

A-3304-23

POINT II

THIS COURT SHOULD REVERSE THE PCR COURT'S DECISION TO DENY . . . DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING ON THE ISSUE OF WHETHER . . . DEFENDANT'S ATTORNEY WAS INEFFECTIVE AT SENTENCING.

A defendant is entitled to an evidentiary hearing only upon showing "a prima facie [case] in support of [PCR]," State v. Marshall, 148 N.J. 89, 158 (1997) (first alteration in original) (quoting State v. Preciose, 129 N.J. 451, 462 (1992)), meaning that a "defendant must demonstrate a reasonable likelihood that [the] claim will ultimately succeed on the merits." Ibid. To obtain relief based on ineffective assistance grounds, a defendant is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced the right to a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey).

Here, defendant failed to demonstrate a reasonable likelihood that his PCR petition would ultimately succeed on the merits. As the judge found, the transcript of the plea hearing reflected defendant knowingly and voluntarily waived his right to a jury trial and pleaded guilty. The State's agreement not to

A-3304-23

prosecute defendant's girlfriend was a favorable term of the plea, not a coercive tactic.

Defendant also failed to show ineffective assistance of counsel at sentencing. His attorney argued for mitigating factor twelve (the willingness of the defendant to cooperate with law enforcement authorities), N.J.S.A. 2C:44-1(b)(12), and requested a lesser sentence. The sentencing judge rejected that mitigating factor and sentenced defendant in accordance with the plea agreement.

For the first time on appeal, defendant argues his counsel should have argued for mitigating factor nine (the defendant's character and attitude indicate the defendant was unlikely to commit another offense), N.J.S.A. 2C:44-1(b)(9). We decline to consider an issue not properly presented to the trial court unless the jurisdiction of the court is implicated or the matter concerns an issue of great public importance. State v. Robinson, 200 N.J. 1, 20 (2009) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)). Neither circumstance is present here. Nevertheless, given the sentencing court's finding of aggravating factor three (the risk that the defendant will commit another offense), N.J.S.A. 2C:44-1(a)(3), we are unconvinced mitigating factor nine applied or that the addition of that factor would have impacted defendant's sentence.

Because there was no prima facie showing of ineffective assistance of counsel, an evidentiary hearing was not necessary to resolve defendant's PCR claims. <u>Preciose</u>, 129 N.J. at 462.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3304-23