**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0358-22

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

JAMES JACKSON,

      Defendant-Appellant.

_____

Submitted November 28, 2023 – Decided December 7, 2023

Before Judges Natali and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 09-09-2607 and 09-09-2608.

James Jackson, appellant pro se.

Theodore N. Stephens, II, Acting Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant James Jackson appeals from a June 22, 2022 order denying his motion to reduce or modify his sentence. We affirm.

The facts giving rise to defendant's convictions and sentence are detailed in our prior decision affirming his convictions, State v. Jackson, No. A-005002-10 (App. Div. April 3, 2013), certif. denied, 216 N.J. 8 (2013). We therefore summarize only those facts pertinent to this appeal and as necessary to place our opinion in context.

In a five-count indictment, defendant was charged with second-degree conspiracy to commit aggravated assault, N.J.S.A. 2C:5–2 and N.J.S.A. 2C:12–1(b)(1) (count one); second-degree aggravated assault, N.J.S.A. 2C:12–1(b)(1) (count two); first-degree attempted murder, N.J.S.A. 2C:5–1 and N.J.S.A. 2C:11–3(a)(1) or (2) (count three); second-degree possession of a handgun without a permit, N.J.S.A. 2C:39–5(b) (count four); and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39–4(a) (count five). Following a jury trial, defendant was acquitted of count one, but he was convicted of the remaining counts. In a second trial, based on a separate indictment, the same jury convicted defendant of second-degree possession of a handgun by a prohibited person, N.J.S.A. 2C:39–7(b). Defendant was twenty-five years old when he committed these offenses.

2

At sentencing on January 18, 2011, the court identified three aggravating factors: the risk defendant will commit another offense, N.J.S.A. 2C:44–1(a)(3); the extent of defendant's prior criminal record and the seriousness of the offenses, N.J.S.A. 2C:44–1(a)(6); and the need to deter defendant and others from violating the law, N.J.S.A. 2C:44–1(a)(9). The court found no mitigating factors.

After merging count two into count three, the court sentenced defendant to a twenty-year prison term, with an eighty-five percent period of parole ineligibility under the No Early Release Act, N.J.S.A. 2C:43–7.2. The court imposed a consecutive ten-year term with five years of parole ineligibility for the certain persons not to have weapons offense and concurrent sentences for the other charges, which included a violation of probation charge resulting in an aggregate thirty-year term of imprisonment with a twenty-two-year period of parole ineligibility. Defendant was twenty-six years old at the time of his sentencing.

We affirmed defendant's convictions but remanded for the court to provide an explanation for the reasons it imposed consecutive sentences, and to merge count three into count five. See Jackson, No. A-5002-10 slip op. at 10-11. The

A-0358-22

Supreme Court subsequently denied certification. State v. Jackson, 216 N.J. 8 (2013).

On remand, the court merged the counts consistent with our instructions. The court entered an amended judgment of conviction on July 1, 2013, and sentenced defendant with respect to the certain persons offense to eight years. The court also confirmed its earlier decision to impose consecutive sentences, resulting in an aggregate custodial term, subject to other conditions as detailed in the amended judgment of conviction, of twenty-eight years. As the court explained:

> The [c]ourt finds by clear and convincing evidence that the aggravating factors substantially outweighs the non-existent mitigating factors.
>
> The [c]ourt also finds that the consecutive sentence is warranted as this [c]ourt does subscribe to the notion in [State v. Yarbough, 100 N.J. 627, 643 (1985)] that there can be no free crimes in a system for which the punishment shall fit the crime and the crimes, and their objectives contained in [the first indictment] were predominately independent from the crime and objective, contained in [the second indictment]. The [a]ttempted [m]urder conviction in Count 3 of [the first indictment] where defendant shot the victim in the head, was a crime committed against a particular individual, as opposed to the conviction in [the second indictment], [p]ossession of a weapon by a convicted felon, which was a general crime that endangered the general public at large.

A-0358-22

> In addition, these crimes were committed while the defendant was on probation, thereby showing an utter disregard for the criminal justice system.
>
> The [c]ourt is mindful of [State v. Miller], 108 [N.J.] 112, 122 (1987) and will therefore not sentence the defendant to the maximum term for each offence in the two [i]ndictments.

Defendant thereafter challenged only his sentence, and on October 27, 2014, following oral argument on our Excessive Sentencing Calendar, we affirmed. The Supreme Court again denied certification. State v. Jackson, 221 N.J. 286 (2015).

Defendant sought post-conviction relief (PCR), which the PCR court denied, a decision we affirmed. State v. Jackson, No. A-2491-14 (App. Div. Aug. 26, 2016). Defendant filed a second PCR application which the PCR court again denied in a March 12, 2018 order. It does not appear from the record defendant ever appealed from that order.

On November 10, 2021, defendant filed an application to reduce his sentence, relying on Rule 3:21-10(b)(4). Defendant also requested the court conduct a de novo review of the aggravating and mitigating factors relied upon by the sentencing court under State v. Randolph, 210 N.J. 330 (2012). Defendant specifically argued he was entitled to resentencing based on the retroactive application of newly enacted mitigating factor fourteen, see N.J.S.A.

5

2C:44-1(b)(14), as he was under the age of twenty-six at the time the crimes to which he was found guilty were committed.

The court rejected defendant's application in a June 2, 2022 order, and in doing so, relied on the Supreme Court's recent decision in State v. Lane, 251 N.J. 84 (2022), which held mitigating factor fourteen was to be applied prospectively only after the amendment's October 19, 2020 effective date. As defendant was sentenced in 2011, and again in 2013, the court denied defendant's motion.

This appeal followed in which defendant raises the following point:

> [DEFENDANT'S] MOTION FOR A REDUCTION OF
> SENTENCE SHOULD HAVE BEEN GRANTED BY
> THE SENTENCING COURT BECAUSE OF
> CONFLICTS WITH BINDING PRECEDENTS OF
> HIGHER COURTS AND BECAUSE THE
> INTERESTS OF JUSTICE REQUIRE A REDUCTION
> OF [DEFENDANT'S] EXCESSIVE SENTENCE

Defendant primarily contends, as he did before the court, he should be resentenced for the court to consider youth mitigating factor fourteen. He argues the court erred in concluding that factor applied prospectively only, and further maintains mitigating factor fourteen is particularly applicable to his circumstances as he was under twenty-six years old at the time of the offenses and was "under the influence of a much older individual during the time of his

A-0358-22

youth." He also contends it remains within the court's discretion "to amend and reduce" his sentence "to a lesser or concurrent sentence."

Defendant also argues the "court improperly balanced the aggravating and mitigating factors and failed to apply the analysis mandated by our Supreme Court in State v. Fuentes, 217 N.J. 57, 63 (2014)." He specifically maintains the court erred in applying aggravating factor nine as there remains no need to deter him from violating the law and that aggravating factor has no value under his present circumstances. On this point, he notes since his sentencing he has positively changed his life having "completed many institutional programing to improve himself as a productive member in society" and "has always maintained his innocence and firmly assert that he did not commit the crimes which he was wrongfully convicted."

We have considered all of defendant's arguments and determine they are of insufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(2). We provide the following brief comments to amplify our decision.

First, we reject, as did the court, defendant's argument that his sentence should be in any way modified or reduced based on youth mitigating factor fourteen. As noted, in Lane, our Supreme Court held that mitigating factor fourteen does not apply retroactively. 251 N.J. at 87, 96. The Court specifically

found no indication in the statutory language "that mitigating factor fourteen applies to defendants sentenced prior to the provision's effective date." The Court explained the "Legislature's use of the language 'take effect immediately' when it adopted N.J.S.A. 2C:44-1(b)(14)" and found "no suggestion in N.J.S.A. 2C:44-1(b)(14)—let alone the clear, strong and imperative declaration that our law demands for the presumption of prospective effect to be overcome—that the Legislature intended otherwise." Ibid.

We are satisfied Lane is dispositive of defendant's arguments. Defendant was sentenced well before the effective date of N.J.S.A. 2C:44-1(b)(14), as he was initially sentenced in 2011, and again in 2013.

The Lane court, noted, however, that mitigating factor fourteen is to be applied "not only to defendants sentenced for the first time on or after October 19, 2020, but also to defendants resentenced on or after that date for reasons unrelated to mitigating factor fourteen." Id. at 97 n.3. As the State correctly points out, however, no independent basis exists to resentence defendant anew.

First, defendant failed to raise many of the arguments before the court that he raises in his merits briefs, and we could decline to consider his arguments for that reason alone. See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234, 300 (1973) ("our appellate courts will decline to consider questions or issues not

8

properly presented to the trial court when an opportunity for such a presentation is available 'unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'" (quoting Reynolds Offset Co., Inc. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959))).  Neither exception applies here.

Second, to the extent defendant challenges his convictions on the merits, we simply note we considered and rejected all of his arguments in our earlier opinion.  See Jackson, No. A-5002-10.  In that appeal, defendant did not contend the verdict at trial was against the weight of the evidence and in affirming we noted, based on the evidence presented at trial and defendant's claim he was not involved in the shooting, there was no rational basis for the jury to find defendant acted only as an accomplice.  As such, we found the trial court did not commit plain error by failing to give the jury an accomplice liability instruction.  See Jackson, No. A-5002-10, slip op. at 9-10.

Additionally, in defendant's PCR appeal we considered defendant's collateral attacks on his conviction under the two-part test established in Strickland v. Washington, 466 U.S. 668, 687 (1984), and found them unavailing. See Jackson, No. A-2491-14.  Indeed, we noted the witnesses who testified before the PCR court did not support defendant's purported alibi, and one

9

witness placed defendant at the scene.  See id. at slip. op 11-12.  The PCR court also denied defendant's second PCR application.  We also considered and rejected defendant's challenges to his amended sentence and note, as detailed in its July 1, 2013 amended JOC, the court clearly considered the fairness of defendant's overall sentence consistent with the principles later outlined in State v. Torres, 246 N.J. 246 (2021).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0358-22