**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3925-23

CHAYANA DIAZ,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted October 22, 2025 – Decided November 14, 2025

Before Judges Mayer and Paganelli.

On appeal from the New Jersey Department of Corrections.

Chayana Diaz, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Hilary Cohen, Deputy Attorney General, on the brief).

PER CURIAM

Chayana Diaz appeals from a final agency decision by the New Jersey Department of Corrections (DOC) finding her guilty of prohibited act .201 (possession of anything not authorized for retention or receipt or not issued through regular correctional facility channels) and upholding the imposition of disciplinary sanctions. Because Diaz fails to sustain her burden to establish the DOC's action was arbitrary, capricious or unreasonable or that the charged regulation was vague, we affirm.

We glean the facts and procedural history from the record. Diaz, Chelsea Braunskill, and another individual incarcerated at the same correctional facility were placed in temporary housing based on intelligence reporting "illegal activity." During the search of Braunskill's cell, "numerous items were found relating to . . . [her] operating a seamstress business in the unit." A search of Diaz's cell revealed "a piece of card stock with the lists of alterations and prices [(price sheet)] . . . and on the paperwork was the contact information for Shantal Braunskill to pay for orders over $20." Diaz was charged with prohibited act .210.

Diaz pled not guilty and was assigned counsel substitute. Before the hearing officer, Diaz stated she "th[ought officers conducting the cell searches] mixed the property up" because the price sheet did not belong to her. Counsel

substitute argued "[t]he property got com[m]ingled somehow [and] what was found was never in [Diaz's] possession."

The hearing officer stated:

> During a search of [Diaz]'s property by custody staff, a card listing various types of clothing alterations with prices was found. Also found, was contact information for the relative of another [inmate] for Cash App/Zelle purposes. [Diaz] denied guilt [and] stated the information was not hers. Staff reports [were] relied upon to determine guilt.

The hearing officer denied Diaz's request to call Braunskill as a witness because she was "not a credible witness as she has received several charges related to this same incident." The officer considered DOC staff reports and the price sheet in finding Diaz guilty. In its final agency decision, the DOC upheld the hearing officer's guilty decision.

On appeal Diaz argues: (1) the DOC's decision was arbitrary, capricious, or unreasonable because she was denied the opportunity to obtain a statement from Braunskill, and the hearing officer failed to specify why Braunskill was not a credible witness; and the disciplinary report was hearsay; and (2) she was "not aware of any specific rule which prohibited her possession of the alleged price/order sheet – a single piece of paper – that bore the name of another inmate" and the charged regulation was vague.

3

"The scope of [our] review is limited."  In re Herrmann, 192 N.J. 19, 27 (2007).  Therefore, "[a]n administrative agency's final quasi-judicial decision will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record."  Id. at 27-28.  We consider:

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [Id. at 28 (quoting Mazza v. Bd. of Trs., 143 N.J. 22, 25 (1995)).]

"When an agency's decision meets those criteria, then a court owes substantial deference to the agency's expertise and superior knowledge of a particular field."  Ibid.  The "deferential standard applies to the review of disciplinary sanctions."  Ibid.  "The party challenging the administrative action bears the burden of demonstrating the agency has not made that showing."  In re Young, 471 N.J. Super. 169, 177 (App. Div. 2022) (citing Lavezzi v. State, 219 N.J. 163, 171 (2014)).

4

Appellate courts will decline to address issues that were not preserved before an agency. See State v. Robinson, 200 N.J. 1, 20 (2009) (explaining that "[i]t is a well-settled principle that our appellate courts will decline to consider questions or issues not properly presented to the trial court . . . unless the questions . . . go to the jurisdiction of the trial court or concern matters of great public interest." (alteration in original) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973))); see also ZRB, LLC v. N.J. Dep't of Env't Prot., 403 N.J. Super. 531, 536 n.1 (App. Div. 2008) (applying the principle in Robinson and Nieder to appeals from administrative agency orders).

Applying these standards, we reject Diaz's argument that the DOC's final agency decision was arbitrary, capricious, or unreasonable. "[I]nmates are afforded due process rights in disciplinary proceedings." Malacow v. N.J. Dep't of Corr., 457 N.J. Super. 87, 93 (2018) (citing Avant v. Clifford, 67 N.J. 496, 525-33 (1975)). An inmate has a right to call witnesses except under a number of circumstances, including relevancy, as determined by the hearing officer. See N.J.A.C. 10A:4-9.13(a).

Here, the hearing officer denied Diaz's request to call Braunskill to testify because Braunskill was "not a credible witness as she received several charges

5

related to this same incident." Given our deferential standard, we discern no reason to disturb this decision.

Moreover, we decline to disturb the DOC's final agency decision finding Diaz guilty of prohibited act .210. Diaz's argument that the agency's final decision was erroneous because her version of events was not specifically deemed incredible is misplaced. There was substantial credible evidence in the record to support the finding that she committed the cited prohibited act.

Finally, there is no merit to Diaz's assertion that hearsay, in the form of the DOC staff reports, was improperly admitted in the hearing. It is unclear if Diaz raised this hearsay argument during the disciplinary hearing or if the reports are in fact inadmissible hearsay. Nevertheless, DOC disciplinary hearings are administrative hearings, and the Administrative Procedures Act (APA) provides they are not "bound by rules of evidence." N.J.S.A. 52:14B-10(a); see also Hampton v. Dep't of Corr., 336 N.J. Super. 520, 529 (App. Div. 2001) ("[T]he [DOC] is an agency to which the APA applies."). Hearsay evidence is permitted in disciplinary hearings. See Weston v. State, 60 N.J. 36, 50-51 (1972). Therefore, we conclude there is no merit to Diaz's hearsay argument.

A-3925-23

Next, we consider Diaz's argument that the regulation is unconstitutionally vague and therefore she was unaware of the prohibition. Again, it is unclear if this argument was presented to the hearing officer. Nevertheless, "[a] statute is unconstitutionally vague as applied if it 'does not with sufficient clarity prohibit the conduct against which it [is] sought to be enforced.'" Jenkins v. N.J. Dep't of Corr., 412 N.J. Super. 243, 256 (App. Div. 2010) (second alteration in original) (quoting State v. Cameron, 100 N.J. 586, 593 (1985)). The doctrine's purpose is to give "'fair warning' of prohibited conduct." Id. at 257 (quoting Colten v. Kentucky, 407 U.S. 104, 110 (1972)). "Because the party claiming that a law is vague as applied may only challenge the law as applied to his or her own conduct . . . it is only necessary to give the party 'fair warning' that his or her conduct is prohibited." Ibid. Such warning is provided when "a person of ordinary intelligence may reasonably determine what conduct is prohibited so that he or she may act in conformity with the law." Ibid. (quoting State v. Saunders, 302 N.J. Super. 509, 520-21 (App. Div. 1997)). Diaz's argument fails because the regulation provided her fair warning that having the price sheet constituted prohibited conduct.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

A-3925-23