**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2295-24

GREENPOINT LAW
COMMITTEE, A
NON-FOR-PROFIT
CORPORATION,

      Plaintiff-Respondent,

v.

JIMMY DAVIS,

      Defendant-Appellant.

_____

        Submitted March 10, 2026 – Decided April 16, 2026

        Before Judges Gilson and Perez Friscia.

        On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. DC-007901-24.

        Jimmy Davis, self-represented appellant.

        Darius A. Marzec (Marzec Law Firm), attorney for respondent.

PER CURIAM

This appeal involves a claim for unpaid attorneys' fees incurred by the Marzec Law Firm, P.C. (Marzec P.C.) in representing defendant Jimmy Davis (defendant or Davis). Davis retained Marzec P.C. to represent him in a lawsuit he filed against his former employer, the United States Postal Service. When Davis did not pay all the fees billed, Marzec P.C. assigned the outstanding accounts receivable to Greenpoint Law Committee Corp. (plaintiff or Greenpoint), who sued Davis.

Davis appeals from a January 14, 2025 order granting summary judgment to Greenpoint and awarding it $13,332.38, plus interest, for the fees and costs incurred by Marzec P.C., as well as $3,500 for attorneys' fees and costs incurred by plaintiff in bringing the collection action. Davis also appeals from a March 14, 2025 order denying his motion for reconsideration. Having reviewed the record and law, we affirm both orders.

I.

We discern the facts from the record, viewing them in the light most favorable to Davis because he is the party against whom summary judgment was sought. See Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

In January 2023, Davis retained Marzec P.C. to represent him in a civil legal action he had already filed in the United States District Court for the

District of New Jersey:  Davis v. Dejoy, No. 2:21-cv-15279-CCC-JRA (the Federal Action).  The Federal Action involved claims for unpaid medical leave.

Davis signed a retainer letter with Marzec P.C., which was dated January 3, 2023.  The retainer letter provided, in relevant part:

> (1)    Marzec would charge and bill Davis for its services at an hourly rate of $412, which was discounted from its normal rate of $450 per hour;
>
> (2)    Davis was responsible for paying the fees, as well as certain identified costs within thirty days of receiving a bill;
>
> (3)    if Davis failed to pay the fees and costs within thirty days, he would be charged "[sixteen percent] per year, compounded monthly" as interest on the unpaid balance; and
>
> (4)    if Marzec P.C. had to bring an action to collect its fees, Davis "agrees to pay all costs and attorneys' fees incurred in any collection action" and those fees would be calculated at the rate of $450 per hour.

Marzec P.C. represented Davis in the Federal Action for approximately one year from January 2023 to December 2023.  Sometime in mid-2023, disputes arose between Marzec P.C. and Davis regarding Davis's refusal to respond to certain discovery requests.  In November 2023, Marzec P.C. moved to withdraw as Davis's counsel in the Federal Action.  As grounds for its withdrawal, Marzec P.C. cited its disputes with Davis and his failure to pay all the fees and costs it

3

had billed him. On December 22, 2023, the federal court granted Marzec P.C.'s motion to withdraw.

During the time that Marzec P.C. represented Davis in the Federal Action it spent just over sixty hours providing legal services. Accordingly, Marzec P.C. billed Davis just over $25,000 for fees, costs, and interest. Davis paid $11,673.25, but he did not pay the remaining $13,332.38.

On February 28, 2024, Marzec P.C. sent Davis a letter notifying him that it would file an action to collect the outstanding amount of legal fees, costs, and interest. The letter also notified Davis that he had a right to arbitrate the fees provided he made a written request for arbitration within thirty days of his receipt of the letter. Davis did not file a request for fee arbitration within thirty days of February 28, 2024.

On May 5, 2024, Marzec P.C. assigned its accounts receivable against Davis to Greenpoint.[1] Shortly thereafter, Greenpoint sued Davis to recover the monies he allegedly owed to Marzec P.C. Specifically, Greenpoint represented that as of May 2024, Davis had an outstanding balance of $12,875.76, and Greenpoint sought to recover that amount plus additional interest and costs on

---

[1] The record is not clear concerning the relationship between Marzec P.C. and Greenpoint. We do note that they shared the same address and that Marzec P.C. represented Greenpoint in the collection action.

theories of an account stated, breach of contract, unjust enrichment, and responsibility for paying attorneys' fees and costs. Greenpoint also requested an award of the fees and costs it incurred in prosecuting the collection action.

In response, Davis filed a grievance against Marzec P.C. with the Office of Attorney Ethics (OAE). In his grievance, Davis claimed that Marzec P.C. had not properly represented him in the Federal Action and he also disputed the fees Marzec P.C. had charged him. On July 16, 2024, the OAE dismissed Davis's grievance because it involved a fee dispute.

Thereafter, Davis filed an answer to Greenpoint's complaint. In terms of a substantive defense, Davis's answer stated:

> ["Attorney Misconduct."] This attorney has been reported to the Office of Attorney Ethics. This attorney is basically using the contract agreement to justify unreasonable fees, on a case I was forced to represent myself, after this law firm was paid ($11,373.35).

On August 22, 2024, Greenpoint moved for summary judgment. The following day, on August 23, 2024, Davis filed a form requesting fee arbitration. Davis then objected to the summary judgment motion by submitting a one-page letter stating that he had reported Marzec P.C. to the OAE and that the fee dispute should be arbitrated in accordance with Rule 1:20A. On October 4,

5

2024, the trial court denied Greenpoint's motion for summary judgment without prejudice because Davis had requested fee arbitration.

Later that month, on October 31, 2024, the Supreme Court's Fee Arbitration Committee dismissed Davis's request for fee arbitration because he had failed to make a timely request within thirty days of receiving Marzec P.C.'s February 28, 2024 pre-action notice.

On the same day that the Fee Arbitration Committee issued its dismissal letter, Greenpoint filed a second motion for summary judgment. In support of that motion, Greenpoint submitted a certification from Darius A. Marzec, Esq. In Marzec's certification, he summarized the firm's representation of Davis in the Federal Action. He also attached the bills Marzec P.C. had sent to Davis and certified that Davis's current unpaid legal fees and expenses were $13,332.38. Marzec also certified that Greenpoint had incurred 7.8 hours of attorney time in connection with the collection action and sought attorneys' fees of $3,500 based on an hourly rate of $450.

In opposition to the second motion for summary judgment, Davis submitted a copy of the same one-page "Objection to Summary Judgment" he had submitted in opposition to the first motion. Davis did not submit an affidavit or a counterstatement of disputed facts.

6

On January 14, 2025, the trial court issued an order granting Greenpoint's motion for summary judgment. The court awarded a judgment to Greenpoint for the "outstanding invoice amount of $13,332.38 plus pre-judgment and post-judgment interest at 0.5 percent from May 31, 2024 to the date of this Order." The court also awarded Greenpoint $3,500 in attorneys' fees incurred in the collection action.

The trial court supported its order with a short statement of reasons. The court reviewed the invoices sent by Marzec P.C. to Davis and found they showed Davis owed Marzec P.C. $13,332.28. The court also noted that Davis claimed that the fees were unreasonable, but he had not submitted an affidavit or any evidence to dispute the amount or the reasonableness of the amount sought. In that regard, the court found: "[Davis] did not provide any justification as to how or why the fees are unreasonable to dispute the amount due and owing."

On January 20, 2025, Davis moved for reconsideration. In a one-page certification in support of that motion, Davis asserted that he had not received timely notice of his right to seek arbitration and, therefore, he requested a stay of the court's January 14, 2025 order and reconsideration. After receiving opposition to his motion, Davis filed a reply brief and certification in support of reconsideration. In his certification, which was filed on March 11, 2025, Davis

7

recounted his version of the discovery dispute between Marzec P.C. and himself in the Federal Action, explaining that he had paid Marzec P.C. $11,373.35, and stated he was seeking "a rescission of the [retainer agreement] and a full refund."

On March 14, 2025, the trial court issued a written statement of reasons and order denying the motion for reconsideration. In the statement of reasons, the court determined Davis had not submitted a timely request for fee arbitration. The court also pointed out that Davis had not provided "any new evidence indicating any unreasonable or unjust fees with this current motion."

Thereafter, Davis moved for a stay pending appeal. On April 25, 2025, the trial court granted that stay.

## II.

On appeal, Davis, who is representing himself, argues that the trial court erred in granting summary judgment because the court "either overlooked, did not consider, or failed to appreciate the significance of probative, competent evidence." Davis, however, does not point to any evidence he submitted in opposition to the motion for summary judgment that created a material fact dispute. Instead, he continues to assert, with no supporting certification or evidence, that the fees charged by Marzec P.C. were unreasonable. Because Davis failed to submit a certification, or other competent evidence

8

A-2295-24

demonstrating that there was a factual basis to contest the fees and costs sought by Marzec P.C., we affirm both the order for summary judgment and the order denying reconsideration.

Appellate courts review a grant of summary judgment "de novo and apply[] the same standard as the trial court[]." Padilla v. Young Il An, 257 N.J. 540, 547 (2024). Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Rivera v. Valley Hosp., Inc., 252 N.J. 1, 16 (2022) (quoting R. 4:46-2(c)). "An issue of material fact is 'genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact.'" Grande v. St. Clare's Health Sys., 230 N.J. 1, 24 (2017) (quoting Bhagat v. Bhagat, 217 N.J. 22, 38 (2014)).

An allegation is not enough to defeat summary judgment; the non-moving party "must produce sufficient evidence to reasonably support a verdict in its favor." Invs. Bank v. Torres, 457 N.J. Super. 53, 64 (App. Div. 2018), aff'd. and

modified by 243 N.J. 25, 50 (2020); see also Sullivan v. Port Auth. of N.Y. & N.J., 449 N.J. Super. 276, 279-80 (App. Div. 2017) (explaining that "bare conclusions" lacking "support in affidavits" are "insufficient to defeat [a] summary judgment motion"); R. 4:46-5 (explaining "[w]hen a motion for summary judgment is made and supported . . . an adverse party may not rest upon the mere allegations or denials of the pleading, but must respond by affidavits").

"A retainer agreement between an attorney and client is a contract, but not an ordinary contract." Balducci v. Cige, 240 N.J. 574, 592 (2020). "[T]he unique and special relationship between an attorney and a client requires that a retainer agreement satisfy not only ordinary principles governing contracts, but also the professional ethical standards governing the attorney-client relationship." Ibid. (alteration in original) (quoting Alpert, Goldberg, Butler, Norton & Weiss, P.C. v. Quinn, 410 N.J. Super. 510, 529 (App. Div. 2009)) (internal quotation marks omitted).

"The paramount principle guiding every fee arrangement is that '[a] lawyer's fee shall be reasonable.'" Balducci, 240 N.J. at 592 (quoting RPC 1.5(a)). Accordingly, to collect a fee, a lawyer must set forth "[t]he basis or rate of the fee . . . in writing to the client." RPC 1.5(b). The lawyer must also make

a "[f]ull and complete disclosure of all charges which may be imposed upon the client." Balducci, 240 N.J. at 592 (quoting Alpert, 410 N.J. Super. at 531). An attorney must also "explain the charges and costs for which the client is responsible, beyond the hourly rate, to permit the client to make an informed decision whether to retain the attorney." Id. at 593.

We have also held that an attorney or law firm can recover fees and costs incurred in a collection action, provided that the client is given notice of that right in the retainer agreement. Arbus, Maybruch & Goode, LLC v. Cohen, 475 N.J. Super. 509, 518-19 (App. Div. 2023). In Arbus, we affirmed the trial court's award of attorneys' fees and costs in a fee collection action because the retainer agreement had put the client on notice of the potential for those fees and because the award was based on a reasonable hourly rate as determined by the trial judge. Id. at 19.

In this matter, Greenpoint moved for summary judgment and supported that motion with an affidavit. The affidavit detailed the retainer agreement, the services provided, and the bills sent to Davis. The affidavit also attached the invoices sent to Davis, which showed that Davis had paid some fees but thereafter had failed to pay other fees and costs. The invoices then showed that

11

Davis had been sent numerous statements requesting payment and showed the outstanding balance for fees, costs, and the interest charged.

The fee agreement had explained to Davis that if he failed to timely pay a statement, the unpaid balance would accrue interest at a rate of sixteen percent. The invoices sent to Davis were consistent with the retainer agreement. Moreover, the sixteen percent interest rate was a rate allowed by New Jersey's usury laws, albeit the highest rate. See N.J.S.A. 31:1-1(a) (explaining the civil usury rate for written contracts should not exceed "the value of $16.00 for the forbearance of $100.00 for a year"); see also Perez v. Rent-A-Center, Inc., 186 N.J. 188, 202 n. 9 (noting there is a sixteen percent civil usury ceiling).[2]

The trial court therefore had a certification, supported by invoices, which established that Davis owed Marzec P.C. $13,332.38. David did not submit any affidavit or other evidence demonstrating that he had a genuine ground to dispute the claimed amount of fees and costs. In short, the record supports the trial court's determination that the amount sought was undisputed.

---

[2] David did not challenge the sixteen percent interest rate in the trial court, nor has he raised that as an issue before us. We therefore do not address whether a sixteen percent interest rate is reasonable in an attorney-client retainer agreement.

A-2295-24

The retainer agreement also provided that if Marzec P.C. had to bring a collection action, it could recover reasonable attorneys' fees and costs, and the time incurred would be calculated at the rate of $450 per hour. In support of its motion for summary judgment, Greenpoint submitted an affidavit for Marzec P.C. certifying that attorneys at the firm had expended 7.8 hours pursuing the collection action. Davis did not submit any affidavit or evidence opposing that fee application or contesting the amount of time and reasonableness of the rate used. The court therefore appropriately awarded $3,500 as additional fees incurred in the collection action.

For the first time on appeal, Davis argues that Marzec P.C. also violated two rules of professional conduct (RPC). He contends that Marzec P.C. violated RPC 1.16(d), regarding retaining liens, and RPC 3.4(a), concerning fairness to the opposing party and counsel. We reject these arguments for two reasons.

First, Davis did not raise these arguments before the trial court. Therefore, we decline to consider them for the first time on appeal. It is well-settled that appellate courts will not consider arguments that were not raised in the trial court unless there are unique circumstances. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973); see State v. Walker, 385 N.J. Super. 388, 410 (App. Div. 2006) (explaining "[g]enerally, issues not raised [in the trial court] . . . will not

13

ordinarily be considered on appeal"). Here, there is no justification for considering the arguments for the first time on appeal.

Second, the RPCs Davis seeks to raise relate to conduct in the Federal Action. In other words, he complains about Marzec P.C.'s withdrawal from representing him in the Federal Action and Marzec P.C.'s actions in dealing with the discovery dispute in the Federal Action. Those issues should have been raised in the Federal Action and do not change our analysis regarding the fee dispute that was brought by Greenpoint in a separate action.

Finally, the trial court's award of prejudgment and post-judgment interest was not an error and did not result in a manifest denial of justice. See County of Essex v. First Union Nat. Bank, 186 N.J. 46, 61 (2006) (explaining "the allowance of prejudgment interest is a matter of discretion for the trial court").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

14